# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No. 4:24-mp-00003-BMW |
| CHAPTER 7 FEES AND PRACTICES OF MY ARIZONA LAWYERS, PLLC AND RELATED FINANCING AGREEMENTS WITH EZLEGALFEES, LLC | **RULING AND ORDER VOIDING RETENTION AGREEMENTS AND FINANCING AGREEMENTS, ORDERING THE DISGORGEMENT OF FEES, AND IMPOSING SANCTIONS AGAINST MY ARIZONA LAWYERS, PLLC, CANDACE KALLEN, EZLEGALFEES, LLC, AND KATHERINE KIESEL** |

On April 16, 2024, given this Court's concerns pertaining to the disclosures of attorney compensation and bifurcated Chapter 7 retention agreements filed by Candace Kallen ("Ms. Kallen") of My Arizona Lawyers, PLLC ("My Arizona Lawyers" or the "Firm"),[1] which indicated the existence of third-party financing by EZLegalFees, LLC ("EZ Legal"), and given related representations Ms. Kallen made to the Court regarding the practices of her Firm and her Firm's relationship with EZ Legal,[2] the Court issued an *Order to Show Cause* (the "OSC") (Dkt. 2)[3] against Ms. Kallen, My Arizona Lawyers, and EZ Legal.

Pursuant to the OSC, Ms. Kallen and My Arizona Lawyers were ordered to show cause as to why this Court should not: (1) void all post-petition retention agreements between My

---

[1] This Court's procedures require attorneys for Chapter 7 debtors to attach all agreements that pertain to the compensation paid or to be paid to or for the benefit of such attorneys to their Rule 2016(b) disclosures of compensation.

[2] See Trial Ex. 7. References to "Trial Ex." are references to exhibits admitted into evidence during the evidentiary hearing held on October 16, 2024.

[3] Unless otherwise indicated, references to "Dkt." are references to the docket in this miscellaneous proceeding.

Arizona Lawyers and Chapter 7 debtors on the basis that they violate the Bankruptcy Code and Local Rules for the United States Bankruptcy Court for the District of Arizona (the "Local Rules"); (2) order the disgorgement of all fees paid pursuant to or otherwise attributable to such post-petition retention agreements; and/or (3) bar Ms. Kallen from practicing before this Court given the structure and conflicts of interest inherent in her Firm's financing arrangement with EZ Legal. (Dkt. 2 at 6).

EZ Legal was ordered to show cause as to why this Court should not void all financing agreements signed by Chapter 7 debtors represented by My Arizona Lawyers and/or impose sanctions, as may be deemed appropriate. (Dkt. 2 at 6).

During the course of these proceedings, the Court held numerous hearings[4] and, as additional information was disclosed, the Court: (a) fixed the scope of these proceedings to include all bifurcated Chapter 7 cases filed by the Firm in the District of Arizona between May 15, 2022 and May 15, 2024 (the "Lookback Period") that were financed by EZ Legal (the "EZ Legal Financed Cases"), which cases are listed on Exhibit A to this Ruling and Order (the "Case List");[5] (b) ordered the parties to file supplemental disclosures; (c) issued certain interim orders; (d) imposed certain interim sanctions; and (e) put the parties on notice that additional sanctions may be imposed.[6] (Dkt. 20; Dkt. 35; Dkt. 53; Dkt. 63).

With respect to the interim orders and sanctions imposed by the Court, at the initial hearing

---

[4] As reflected by the summary of these proceedings set forth in this Ruling and Order, the record in this proceeding is extensive. This Court held seven hearings regarding this matter prior to conducting the October 16, 2024 evidentiary hearing.

[5] The list of cases included on Exhibit A is inclusive of all EZ Legal Financed Cases as disclosed by My Arizona Lawyers and/or EZ Legal. Although Ms. Kallen and her Firm suggest, for the first time in their post-trial brief, that this Court's ruling should be limited to the cases that have been formally added to this miscellaneous proceeding, Ms. Kallen and her Firm filed substantially similar disclosures of compensation, used substantially similar retention agreements, and engaged in substantially similar conduct in all of the EZ Legal Financed Cases. (10/16/2024 Trial Tr. 9:23-11:25, 12:16-14:22). EZ Legal likewise engaged in substantially similar conduct and used substantially similar forms in all of the EZ Legal Financed Cases. (*See* Dkt. 106 at ¶¶ (1)GG & (1)KK). The Court therefore declines to limit the scope of this Ruling and Order.

[6] This miscellaneous proceeding was not initiated to consider the Chapter 7 attorney practices in this District as they pertain to the scope of attorney representation in bifurcated cases or the fees charged for such representation. This Court will continue to examine Chapter 7 attorney practices and may raise issues pertaining to such practices in future proceedings.

regarding the OSC held on May 15, 2024, the Court ordered Ms. Kallen, My Arizona Lawyers, and EZ Legal to prepare and file lists of all cases the Firm filed during the Lookback Period that involved financing by EZ Legal and supplement their responses to the OSC to address concerns raised by the Court and issues raised by counsel for the United States Trustee (the "UST"). (Dkt. 20 at 3).

In response to the Court's May 15, 2024 orders, Ms. Kallen, her Firm, and EZ Legal filed supplemental responses and case lists that contained numerous inconsistencies and discrepancies. (*Compare* Dkt. 26 *with* Trial Ex. 26; *compare* Dkt. 25 at Ex. 3 *with* Dkt. 30 at Ex. C; *see* Trial Ex. 9 at 9:15-23; Dkt. 35 at 3).

At a continued hearing regarding the OSC held on June 10, 2024, the parties, through counsel, informed the Court that disclosures included in their initial and supplemental responses to the OSC pertaining to the relationship between the parties were false. (Trial Ex. 9 at 2:20-7:10; Trial Ex. 34 at 4, ¶ (2)6). Given this disclosure, the Court ordered the parties to: (1) file sworn declarations explaining the nature of the agreements and relationships between and among the parties; and (2) amend their case lists to address the discrepancies and inconsistencies identified by the Court. (Dkt. 35 at 3-4). The Court further ordered Ms. Kallen and her Firm to file the retention agreements and financing agreements for all cases filed in this District during the Lookback Period, file a certificate of compliance, and provide a flash drive to the Court containing the filed documents. (Dkt. 35 at 4). The Court also ordered EZ Legal to: (a) file all financing agreements that pertain to any cases filed in this District during the Lookback Period, file a certificate of compliance, and provide a flash drive to the Court containing the filed documents; and (b) file additional sworn disclosures. (Dkt. 35 at 4). Given the parties' false representations to the Court regarding their financial arrangement and the discrepancies in the parties' filings, the Court imposed interim sanctions restricting Ms. Kallen and her Firm's ability to file new Chapter 7 bankruptcy cases in this District and prohibiting EZ Legal from: (a) collecting any additional funds related to any and all bankruptcy cases in this District; (b) engaging in any further lending activities in any bankruptcy cases in this District; and (c) making any disbursements of any funds collected from debtors in any bankruptcy cases filed

in this District, pending further Court order. (Dkt. 35 at 4-6).

Although Ms. Kallen, her Firm, and EZ Legal timely filed supplemental declarations, the parties failed to file all required retention agreements and financing agreements, Ms. Kallen failed to timely file an amended case list, and the parties failed to timely file certificates of compliance or provide flash drives containing relevant documents to the Court, as ordered. (Dkt. 53 at 2; Dkt. 47; Dkt. 51 at ¶ 15; *see* Trial Ex. 10 at 13:19-14:5, 39:4-9). Further, EZ Legal depleted its bank account, in direct violation of this Court's order that EZ Legal not disburse debtor funds. (Dkt. 60 at ¶ 2).

Thereafter, on August 2, 2024, the UST filed the *United States Trustee's Motion to Examine Fees Paid, Disgorge Fees, and Impose Sanctions Against Candace Kallen and My Arizona Lawyers, PLLC* (the "UST Motion") (Dkt. 56). In the UST Motion, the UST expands upon the issues raised in the Court's OSC and asks the Court to: (a) determine that all attorney fees charged by Ms. Kallen and the Firm in the EZ Legal Financed Cases were excessive; (b) order Ms. Kallen and her Firm to disgorge all fees paid in the EZ Legal Financed Cases; (c) bar Ms. Kallen and her Firm from filing bankruptcy cases in this District for a period of two years; and (d) require Ms. Kallen and her Firm to apply for re-admission in order to recommence filing bankruptcy cases in this District.

In response to the OSC and UST Motion, Ms. Kallen and her Firm take the position that the fees charged to debtor-clients were reasonable, any inadequate disclosures or violations of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules"), and/or Local Rules were inadvertent, Ms. Kallen and her Firm have diligently and competently performed legal services for their clients, and they are committed to complying with the Bankruptcy Code, Federal Bankruptcy Rules, and Local Rules in all respects going forward. Ms. Kallen and her Firm argue that the remedies and sanctions proposed by the Court and the UST are unwarranted and unduly harsh.

EZ Legal takes the position that it has not engaged in bad faith lending directed at Chapter 7 debtors in furtherance of an abuse of the bankruptcy system, and that the Court lacks jurisdiction and authority to void post-petition financing agreements signed by debtor-clients of

the Firm.

On October 16, 2024, the Court conducted an evidentiary hearing regarding the OSC and UST Motion.[7] At the October 16, 2024 hearing, counsel for the UST, counsel for EZ Legal, and Ms. Kallen, representing herself and her Firm, presented evidence. Testimony was provided by Ms. Kallen and the principal of EZ Legal, Katherine Kiesel ("Ms. Kiesel"). On November 18, 2024, the parties submitted post-trial briefs,[8] at which time the Court took the matter under advisement. Based upon the entire record before the Court, the Court now issues its ruling.

## I.      **<u>Jurisdiction</u>**

Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157, this Court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." The terms "arising under" and "arising in" are terms of art. *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013). "Proceedings 'arising under' title 11 involve causes of action created or determined by a statutory provision of [the Bankruptcy Code]." *Id.* Proceedings "arising in" title 11 are those proceedings that are not created or determined by the Bankruptcy Code, but would nevertheless have no existence outside of a bankruptcy case. *Id.* "A 'related to' proceeding may be related to [a bankruptcy case] because of its potential effect, but it does not invoke a substantive right created by the Bankruptcy Code and could exist outside of bankruptcy." *In re Gen. Carriers Corp.*, 258 B.R. 181, 189 (9th Cir. BAP 2001).

If a proceeding is core, the bankruptcy court has the authority to enter final orders. *In re Richards*, 655 B.R. 782, 793 (9th Cir. BAP 2023). If a proceeding is not core, the bankruptcy court may enter final orders with the consent of the parties. *Id.*

At issue is attorney and law firm conduct pertaining to bankruptcy cases filed in this District, legal fees charged to debtors in this District, the conduct of a lender that at all relevant times knowingly and intentionally financed bankruptcy legal fees in this District, and the related financing and retention agreements of that law firm and lending entity. Ms. Kallen and her Firm

---

[7] Prior to the evidentiary hearing, the UST and EZ Legal proposed a stipulation (Dkt. 65) in an attempt to resolve the EZ Legal component of this proceeding, which stipulation the Court did not approve, and which stipulation the UST subsequently withdrew. (9/11/2024 Hearing Tr. 20:4-5, 21:8-27:10, 32:11-25).

[8] Dkt. 117; Dkt. 118; Dkt. 119.

acknowledge that the Court has jurisdiction over this matter as it pertains to them, and that this is a core proceeding. (Trial Ex. 34 at 17, ¶¶ (4)1-2). Although EZ Legal contends that this Court lacks jurisdiction and the authority to enter orders impacting its financing agreements with the debtors on the Case List, those financing agreements pertain solely, expressly, and exclusively to bankruptcy legal fees. As EZ Legal has acknowledged, this Court has jurisdiction over legal fees paid by or on behalf of a debtor both before and after a bankruptcy filing. (Dkt. 106 at 12-13, ¶¶ (5)A-E). Further, the Promises to Pay at issue, which will be defined and discussed in detail below, were presented to the debtors on the Case List by the Firm, at the direction and/or with the consent of EZ Legal. (Dkt. 41, Ex. A at ¶¶ 7, 10; 10/16/2024 Trial Tr. 49:24-50:22, 137:6-10).

Given the foregoing, and the relationship and agreements between the parties, which are discussed herein, the EZ Legal financing piece of this proceeding is inextricably intertwined with the bankruptcy legal fees at issue. As set forth below, it is the ultimate determination of this Court that the relationship between My Arizona Lawyers and EZ Legal was a fee sharing arrangement which was not disclosed to client-debtors of the Firm or to this Court. The Court therefore finds that it has jurisdiction over all components of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and that this matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

To the extent any component of this proceeding is determined to be non-core, Ms. Kallen and her Firm consent to the entry of final orders by this Court. (Trial Ex. 34 at 17, ¶ (4)3). Although EZ Legal has included a statement of non-consent to entry of final orders by this Court in its post-trial brief, EZ Legal failed to raise any objection to this Court's authority to enter final orders in its initial response to the OSC. (Dkt. 7). A party that believes the bankruptcy court lacks the authority to enter final orders must raise such objection promptly. *Stern v. Marshall*, 564 U.S. 462, 482, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011). Consistent with this requirement, this Court's Local Rules provide that "[i]n a contested matter before the Court, . . . the initial motion, objection or other document filed by any party must contain a statement whether the Court has authority to enter final orders . . ." and "[i]f no such statement is included, the filing will be deemed the party's consent to the authority of the Court to enter final orders." Local Rule 9014-

2. EZ Legal is therefore deemed to have consented to this Court's entry of final orders.

The following constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as incorporated by Federal Bankruptcy Rules 7052 and 9014. To the extent it is determined that this proceeding involves non-core matter(s), and to the extent it is determined that EZ Legal has not sufficiently consented to the entry of final orders by this Court, the following constitute the Court's proposed findings of fact and conclusions of law pursuant to Federal Bankruptcy Rule 9033.

## II.    **Findings of Fact**

Ms. Kallen has been licensed to practice law in this District since 2014,[9] in which year she formed My Arizona Lawyers. (10/16/2024 Trial Tr. 136:15-20; Dkt. 43 at ¶ 2). Ms. Kallen has been the sole member and manager of My Arizona Lawyers since its formation, but, according to her testimony, she did not personally start actively practicing bankruptcy law in this District until approximately 2022. (*See* Dkt. 43 at ¶ 2; Trial Ex. 34 at 3, ¶ (2)2; 10/16/2024 Trial Tr. 159:15-25). During the Lookback Period, Ms. Kallen and her Firm filed more than 1,260 Chapter 7 cases in this District, the majority of which were bifurcated cases.[10] (*See* 10/16/2024 Trial Tr. 8:18-9:1, 9:14-18; Trial Ex. 31). In bifurcated cases, the Firm generally had debtors execute pre-petition retention agreements, pursuant to which the Firm filed skeletal Chapter 7 petitions for no compensation, and then required debtor-clients to execute post-petition retention agreements promising to pay the Firm a flat fee amount (the "Attorney Flat Fee"), generally $3,000, for continued representation. (10/16/2024 Trial Tr. 131:17-23; *see, e.g.* Trial Ex. 6).

EZ Legal was formed by Ms. Kiesel in December 2020 as a consumer lending entity which

---

[9] Ms. Kallen is currently on probation with the State Bar of Arizona. (10/16/2024 Trial Tr. 111:14-17).
[10] In bifurcated cases, pre- and post-petition attorney services and fees are separated. "In its most basic form, the bifurcated fee approach entails the use of the prefiling agreement to provide solely for the minimum amount of legal services needed to have a skeletal petition prepared and filed, thus initiating the bankruptcy, following which the parties enter into a postfiling agreement under which the bulk of the legal work is to be done. The overall fee for the bankruptcy filing is split between the two agreements, generally weighted heavily (or even entirely) to the postfiling agreement. The theory behind this approach is that the debtor's obligation under the postfiling agreement will not be discharged in the bankruptcy and will thus remain[] a binding obligation of the debtor . . . ." *In re Cialella*, 643 B.R. 789, 793 (Bankr. W.D. Pa. 2022).

is wholly owned and managed by Ms. Kiesel, who is not an attorney.[11] (10/16/2024 Trial Tr. 201:11-17; Dkt. 41, Ex. A at ¶¶ 1-2). EZ Legal represents that it is primarily in the business of making consumer loans to individuals to finance their legal expenses,[12] but has only provided funding in cases filed by My Arizona Lawyers and the Law Office of Ruth Ann Ambs.[13] (Dkt. 41, Ex. A at ¶¶ 2-3; Dkt. 106 at 7, ¶ (1)AA; 10/16/2024 Trial Tr. 201:13-15). My Arizona Lawyers and EZ Legal, through their respective principals, have represented to the Court that they began their business relationship in or about April 2021, which relationship continued in some form until this Court issued the OSC, and which relationship involved EZ Legal's financing of My Arizona Lawyers' bifurcated Chapter 7 cases.[14] (Trial Ex. 25 at 1; Dkt. 43 at ¶ 6; 10/16/2024 Trial Tr. 202:9-11).

### A. Nature and Terms of the Arrangement Between My Arizona Lawyers and EZ Legal

As asserted by the parties, in or about April 2021, My Arizona Lawyers and EZ Legal entered into a business arrangement, pursuant to which EZ Legal provided financing to My Arizona Lawyers. (Dkt. 43 at ¶ 6; 10/16/2024 Trial Tr. 202:9-11; Dkt. 41, Ex. A at ¶ 6). Other than a written agreement dated April 21, 2021, the validity of which is disputed by My Arizona Lawyers, [15] and which EZ Legal asserts was terminated, the parties acknowledge that none of the terms of their agreement were reduced to writing. (Trial Ex. 36/ZZ; Dkt. 26 at ¶ 3; Dkt. 27 at 2;

---

[11] Ms. Kiesel has admitted that she had no prior experience in consumer lending, or the lending industry in general, before forming EZ Legal. (*See* 10/16/2024 Trial Tr. 201:18-21). Her background is as a designer in new home building and remodeling. (10/16/2024 Trial Tr. 201:18-21).

[12] EZ Legal represents that it is licensed by the Arizona Department of Insurance and Financial Institutions. (Dkt. 7 at ¶ 1; Dkt. 41, Ex. A at ¶ 2).

[13] EZ Legal was involved in a related order to show cause proceeding pertaining to EZ Legal's involvement in the operations of the Law Office of Ruth Ann Ambs. See *In re Chapter 7 Fees and Practices of The Law Office of Ruth Ann Ambs; EZLegalFees, LLC; and Want a Fresh Start, LLC* (4:24-mp-00002-BMW). A *Ruling and Order Cancelling Retention Agreements and Financing Agreements, and Imposing Sanctions Against Ruth Ann Ambs, The Law Office of Ruth Ann Ambs, EZLegalFees, LLC, Want a Fresh Start, Katherine Kiesel and Daniel Ray Richter* was entered in that proceeding (the "Ambs MP Ruling and Order") (4:24-mp-00002-BMW at Dkt. 61).

[14] EZ Legal does not hold a license under the Alternative Business Structure Program administered by the Arizona Supreme Court.

[15] Whether the written agreement that was presented to the Court was valid as between the parties at any point during the Lookback Period is not material to this Ruling and Order.

Dkt. 43 at ¶ 9; 10/16/2024 Trial Tr. 202:15-203:9, 211:18-21, 228:2-229:12). No other written evidence of the parties' agreement was presented to the Court.[16]

Based upon the record and the testimony presented, there were three iterations of the parties' business arrangement that are relevant to this proceeding. From approximately April 2021 to approximately October 2022, the Firm presented post-petition retention agreements executed by Chapter 7 debtor-clients in bifurcated cases to EZ Legal and EZ Legal paid seventy-five percent (75%) of the face value of those agreements, i.e. 75% of the Attorney Flat Fee, to the Firm in exchange for the right to collect and retain the full Attorney Flat Fee from such debtor-clients. (10/16/2024 Trial Tr. 170:25-171:4, 204:4-17). Under this iteration, EZ Legal had the option of returning debtor accounts that went into default to the Firm (the "First Iteration"). (10/16/2024 Trial Tr. 171:12-17, 204:18-24). As explained by Ms. Kallen:

> Under the initial verbal understanding between MyAZ and EZ Legal, MyAZ was financed by EZ Legal, which provided a line of credit secured by client receivables. The debtor owed MyAZ for filing their bankruptcy. This debt was then sold to EZ Legal and it collected on the obligation.[17]

(Dkt. 43 at ¶ 10).

Beginning in or about October 2022, the testimony reflects that the parties verbally modified their agreement. (10/16/2024 Trial Tr. 137:12-18, 171:18-172:9, 204:25-205:19). EZ Legal began paying My Arizona Lawyers 62% of the Attorney Flat Fee set forth in the post-petition retention agreements in exchange for the right to collect and retain the full Attorney Flat Fee from debtor-clients, and EZ Legal stopped returning debtor accounts that went into default to the Firm (the "Second Iteration"). (10/16/2024 Trial Tr. 171:18-172:9, 204:25-205:19; Dkt.

---

[16] The Court notes that under Arizona's statute of frauds: "No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized: . . . Upon a contract, promise, undertaking or commitment to loan money or to grant or extend credit, or a contract, promise, undertaking or commitment to extend, renew or modify a loan or other extension of credit involving both an amount greater than two hundred fifty thousand dollars and not made or extended primarily for personal, family or household purposes." A.R.S. § 44-101(9). Given the amounts at issue herein, the foregoing statute would clearly apply.

[17] Ms. Kallen subsequently retracted her sworn statement that the debt was sold to EZ Legal. (10/16/2024 Trial Tr. 169:21-170:5).

43 at ¶ 10). The parties continued to operate pursuant to their agreed-upon 62% / 38% fee sharing arrangement until the issuance of the OSC. (10/16/2024 Trial Tr. 171:18-172:9, 204:25-12).

### B. Promises to Pay

In March 2023, EZ Legal began requiring Chapter 7 debtor-clients of the Firm to execute a document entitled Promise to Pay and Authorization for Recurring Payments (each a "Promise to Pay," and collectively, the "Promises to Pay") in favor of EZ Legal for the full amount of the Attorney Flat Fee (the "Third Iteration"). (10/16/2024 Trial Tr. 172:10-20, 210:3-5, 214:23-215:1; Dkt. 43 at ¶¶ 11-12; *e.g.* Trial Ex. 6 at 16-19). In bifurcated cases, the Promises to Pay were given to debtor-clients by the Firm along with the Firm's post-petition retention agreement,[18] both of which debtors were told that they were required to sign if they wanted to retain their attorney representation post-petition. (*See* Trial Ex. 7 at 11:14-12:4; Dkt. 43 at ¶ 11; 10/16/2024 Trial Tr. 179:23-180:18, 214:23-215:1). The Promises to Pay provided that such debtor-clients were borrowing funds from EZ Legal, ostensibly to pay the Attorney Flat Fee, although this is not stated, and were obligated to repay EZ Legal the principal balance, which equaled the amount of the Attorney Flat Fee, in twelve equal monthly installments. (*E.g.* Trial Ex. 6 at 16-19). The Promises to Pay clearly state that the financed amount of $3,000 would incur no finance fee or interest charge. (Trial Ex. 6 at 16-19). The Promises to Pay did not disclose that My Arizona Lawyers and Ms. Kallen had agreed to accept $1,860 (62%) from EZ Legal in full satisfaction of the attorney's fees owed to them or disclose that EZ Legal would retain $1,140 (38%) of the $3,000. (*See* Trial Ex. 6 at 16-20). At no point in time did EZ Legal independently meet with debtor-clients of the Firm prior to execution of such documentation.[19] (10/16/2024 Trial Tr. 212:9-15).

The default rate of interest under the Promise to Pay is "300% or the maximum rate allowed by law, whichever is greater, both before and after judgment[.]" (Trial Ex. 6 at 17-18). The Court notes that the bankruptcy schedules filed by debtors in many of the EZ Legal Financed Cases generally reflect that such debtors lacked the income to make their required post-petition

---

[18] 10/16/2024 Trial Tr. 156:2-3; *see also* 10/16/2024 Trial Tr. 49:17-50:22.

[19] The record reflects that the only communication EZ Legal had with debtor-clients of the Firm pertained to collections. (*See* Dkt. 41, Ex. A at ¶ 5; 5/15/2024 Hearing Tr. 35:19-23 in 4:24-mp-00002-BMW).

payments to EZ Legal at the time they signed the Promises to Pay. (*See* 10/16/2024 Trial Tr. 104:14-18). The Promises to Pay also contain a demand provision that states: "We may demand payment, at any time, and from time to time, if our ability to collect amounts owed under this Agreement are [*sic*] materially impaired, in our sole and absolute discretion and whether or not a default has occurred." (Trial Ex. 6 at 18).

### C. Disclosures of Compensation

The Disclosures of Compensation of Attorney for Debtor(s) (Form 2030) (the "Disclosures of Compensation") filed by Ms. Kallen and her Firm in the EZ Legal Financed Cases indicate that the source of the compensation to be paid to Ms. Kallen and My Arizona Lawyers was the debtors, and that Ms. Kallen had not agreed to share fees with any person who was not a member or associate of her Firm. (Trial Ex. 34 at 7, ¶ (2)23; 10/15/2024 Trial Tr. 9:23-10:13; *e.g.,* Trial Ex. 6 at 1). Given the nature of the Firm's arrangement with EZ Legal, both of those disclosures were false when made. According to the testimony, as set forth above, the source of the compensation paid to Ms. Kallen and her Firm for representing debtor-clients in the EZ Legal Financed Cases was EZ Legal, and Ms. Kallen and her Firm shared what were purported to be legal fees with EZ Legal. (10/16/2024 Trial Tr. 23:3-25:12).

The Disclosures of Compensation filed in the EZ Legal Financed Cases also generally disclose that for legal services, the Firm agreed to accept the Attorney Flat Fee. (*E.g.* Trial Ex. 6 at 1; *see also* 10/16/2024 Trial Tr. 14:23-15:4). This disclosure is inconsistent with the testimony provided by the parties that in all of the EZ Legal Financed Cases, prior to execution of the Disclosures of Compensation, the Firm had agreed to accept reduced lump sum payments of either 75% or 62% of the Attorney Flat Fee in full satisfaction of all legal fees owed to the Firm. (10/16/2025 Trial Tr. 170:25-171:4, 171:18-172:2, 204:11-205:12).

In addition, the Disclosures of Compensation filed in the EZ Legal Financed Cases generally include the following language:

> Counsel has a recourse line of credit from a third-party lender secured by (among other things) a collateral assignment of the accounts receivable of counsel, including amounts owed by Debtor(s) to counsel. Counsel's obligation to repay this indebtedness is not contingent upon receipt of payment from Debtor(s). Counsel may

draw upon the line of credit based upon the value of account receivable, including the amount owed by Debtor(s) to counsel. The lender also provides payment management and processing services and will collect installment payments from Debtor(s) as well as any third-party guarantor (if applicable) on behalf of counsel. Lender will apply amounts paid by Debtor(s) against counsel's indebtedness to Lender.

(*E.g.*, Trial Ex. 6 at 1).

The foregoing is directly contrary to the testimony provided as to the iterations of the arrangement between the parties. The testimony reflects that EZ Legal never perfected a security interest in any line of credit with My Arizona Lawyers. (10/16/2024 Trial Tr. 224:10-14, 228:4-12). Further, the above disclosure was made in cases that were filed during the Second Iteration, during which there is no written documentation evidencing a financing arrangement between My Arizona Lawyers and EZ Legal, much less a secured line of credit. (*See* 10/16/2024 Trial Tr. 9:23-10:13). This same disclosure was also made in cases filed during the Third Iteration, during which period debtors were required to sign the Promise to Pay, which provides that the debtors were obligated to pay EZ Legal directly, irrespective of their obligations to the Firm. (*See, e.g.* Trial Ex. 6 at 1; 10/16/2024 Trial Tr. 26:9-28:16). At no point in time did Ms. Kallen or the Firm amend their Disclosures of Compensation to accurately or completely disclose the terms of the arrangement.

### D. Retention Agreements

The Firm's pre- and post-petition Chapter 7 retention agreements executed in the EZ Legal Financed Cases during the Lookback Period (the "Retention Agreements")[20] provided that the Firm would borrow money from EZ Legal against the debtors' payment obligations, that EZ Legal would have a lien in the promised payments, and that EZ Legal would act as a collection agent for the Firm. (*E.g.* Trial Ex. 6 at 3-15). These provisions of the Retention Agreements directly conflict with the testimony regarding the parties' arrangement, as discussed above. The

---

[20] Although Ms. Kallen testified that the Retention Agreements were drafted by her Firm, the Court notes that the Retention Agreements are substantially similar to the retention agreements used by the Law Office of Ruth Ann Ambs, which retention agreements the Court was told were drafted by EZ Legal. (*Compare* Trial Ex. 6 at 3-15 *with* Dkt. 16 at 2-12 in *In re Cameron*, 4:23-bk-09351-BMW; *see* 2/29/2024 Hearing Tr. 2:20-25 in *In re Cameron*, 4:23-bk-09351-BMW).

Retention Agreements also provide that EZ Legal would charge the Firm an additional fee of 25% of the attorney's fees placed for collection. (*E.g.* Trial Ex. 6 at 7, 11). There is no statement in the Retention Agreements that the debtor would be responsible for the 25% fee, nor were the Retention Agreements revised when the fee was increased to 38% during the Second Iteration. (*See* Trial Tr. 9:23-11:21; Trial Ex. 6 at 3-15). The Retention Agreements were likewise not revised during the Third Iteration, when the debtors were required to sign Promises to Pay which indicate that there would be no finance fee or interest charge. (*See, e.g.* Trial Ex. 6 at 3-15, 10/16/2024 Trial Tr. 36:10-37:3, 181:22-182:16). Contrary to the testimony provided by the parties, there is also no language in the Retention Agreements that informed debtors during the Third Iteration that they would no longer owe My Arizona Lawyers any fees upon execution of the Promise to Pay. (10/16/2024 Trial Tr. 200:8-11; *see, e.g.* Trial Ex. 6).[21] Further, the Retention Agreements contain interest and default provisions that directly conflict with the interest and default provisions in the Promises to Pay.[22]

The Retention Agreements also contain conflict waivers that provide in relevant part:

> 2. If you sign a Post Filing Contract, Law Firm will be borrowing money from Lender counting on your promise to pay. Law Firm expects to receive payments from you so that they can pay the Lender. This might place Law Firm in conflict with you. By signing this agreement, you understand and waive this conflict.
>
> . . . .
>
> 4. Law Firm cannot advise you on whether to enter into this agreement with Law Firm, because Law Firm is a party to this contract. Law Firm can fully answer your questions and explain the terms. However, if you choose, you should seek independent counsel. By signing this agreement, you agree that you do not want to seek independent advice, and the agreement was fully explained to you and all of your questions have been answered to your satisfaction.
>
> 5. If you sign a Contract After Filing, Law Firm will share with Lender

---

[21] Ms. Kallen and Ms. Kiesel testified that upon a debtor-client's execution of a Promise to Pay in favor of EZ Legal, the debt owed to the Firm would be retired, but that understanding is not supported by any written documentation. (10/16/2024 Trial Tr. 200:8-11, 212:22-213:7).

[22] The Promise to Pay contains events of default that are not included in the Retention Agreements. (*Compare* Trial Ex. 6 at 17 *with* Trial Ex. 6 at 14). Further, while the Retention Agreements provide for a default interest rate of 19.99%, the Promises to Pay provide for a default interest rate of 300%. (*Compare* Trial Ex. 6 at 14 *with* Trial Ex. 6 at 17-18).

> information to collect the payments from you after you file. This information might include income, expenses, employment, assets, and any other personal information you provide to Law Firm. Your attorney/client privilege may be waived with regard to this information. By signing this agreement, you fully understand this and give consent to share your personal information as well as waive this potential conflict.
>
> . . . .
>
> If a conflict arises that is not able to be waived, Law Firm must withdraw from your case. You understand and waive this conflict by signing this agreement.

(*E.g.* Trial Ex. 6 at 7-8, 12-13).

Thus, in the second waiver provision,[23] the Firm disclosed to debtors that the Firm would be counting on their promises to pay the Firm in order to pay EZ Legal. As discussed above, the evidence and testimony reflect that this was never part of the arrangement between the parties during any of the three iterations disclosed to the Court. The testimony indicates that EZ Legal acted as the collection agent during all iterations of the arrangement.

In the fourth waiver provision, debtor-clients were asked to confirm that the Retention Agreements had been fully explained to them. As discussed above, Ms. Kallen confirmed that she did not in fact explain her Firm's Retention Agreements to any debtor-clients. Rather, debtors were provided copies of the agreements and it was incumbent upon them to try to review and understand the complex, inconsistent, contradictory, and ambiguous provisions in such agreements.

In the fifth waiver provision, debtor-clients were asked to consent to the sharing of any and all personal information provided by such debtor-clients to the Firm with EZ Legal. In the final waiver provision, debtor-clients were asked to waive unwaivable conflicts.

Nowhere in the Retention Agreements is there an accurate disclosure of the direct conflicts of interest between My Arizona Lawyers and its debtor-clients.

**E.     Communication with Debtors**

Neither Ms. Kallen nor her Firm explained to debtor-clients the terms of the Retention

---

[23] The Court will refer to the waiver provisions based upon the numbers ascribed to them in the Retention Agreements.

Agreements, the Promises to Pay, or the terms of the arrangement between My Arizona Lawyers and EZ Legal. (Trial Ex. 34 at 6, ¶ (2)18; *see also* 10/16/2024 Trial Tr. 42:9-44:7).[24] At no time did Ms. Kallen or her Firm discuss with their debtor-clients the risks or drawbacks of executing the Promises to Pay. (10/16/2024 Trial Tr. 46:21-24). Likewise, as discussed above, no representative of EZ Legal met with or explained the Promise to Pay to any debtor-clients of the Firm. (10/16/2024 Trial Tr. 212:9-15). Further, as illustrated above, the Retention Agreements and Promises to Pay cannot be reconciled when read together, and are inconsistent with the terms of the arrangement, as explained by the parties. At the evidentiary hearing, Ms. Kallen was unable to explain either the inconsistencies or the inaccurate provisions in her own Retention Agreements, or the terms of the Promise to Pay, which her Firm provided to debtors and required them to execute to retain counsel post-petition. (*E.g.* 10/16/2024 Trial Tr. 30:6-44:7, 48:2-53:8).

In summary, debtor-clients of the Firm were told in written Retention Agreements that they were being charged the Attorney Flat Fee for representation in their Chapter 7 cases. The Disclosures of Compensation signed by Ms. Kallen and filed with the Court state that the Firm had agreed to accept the Attorney Flat Fee to represent its debtor-clients, and that the Firm was not sharing that Attorney Flat Fee with anyone outside the Firm. In reality, the actual fees agreed to by Ms. Kallen and her Firm totaled either 62% or 75% of the Attorney Flat Fee, which amount was paid to Ms. Kallen and her Firm by EZ Legal. EZ Legal, then, retained all funds collected from debtor-clients of the Firm, even during the Third Iteration, when EZ Legal explicitly represented to debtor-clients in writing that it charged no financing fee or interest charge. Further, as discussed above, neither the Firm nor EZ Legal provided any explanation to debtor-clients of any of the terms of the agreements, including as to the inconsistences, contradictions, conflicts, risks, and/or drawbacks of executing such agreements.

**F.      Conduct of the Parties During Pendency of the Miscellaneous Proceeding**

When asked about the Firm's financing arrangement with EZ Legal, Ms. Kallen and her Firm initially lied to this Court. (10/16/2024 Trial Tr. 25:13-26:8). In their first written response

---

[24] Ms. Kallen admits that she had a practice of not meeting with debtor-clients in person or through a visual platform prior to January 2024. (Trial Ex. 34 at 8, ¶ (2)29; 10/16/2024 Trial Tr. 75:12-77:1).

to this Court's OSC, Ms. Kallen and her Firm represented to the Court that "[i]n cases where the debtor clients used EZLegal, the Firm received $3,000 directly from EZLegal[,]" and the net to My Arizona Lawyers after payment of the Chapter 7 filing fee was $2,662. (Trial Ex. 25 at 2).

EZ Legal similarly misrepresented to the Court that "[as to] [t]hose debtors who finance post-petition legal fees through EZ Legal, the loan proceeds obtained by a debtor are paid directly to My AZ on behalf of the debtor and at the direction of the borrower." (Dkt. 7 at 2, ¶ 9). There was no disclosure that only a percentage of the loan proceeds would be paid to My Arizona Lawyers. (*See* Dkt. 7). There is also no evidence that any debtor directed any monies to be paid by EZ Legal to the Firm.

At a hearing held on June 10, 2024, the parties disclosed for the first time that, contrary to their initial responses, the Firm was not paid the full Attorney Flat Fee, and the parties' arrangement was different than what had been disclosed to the Court. (Trial Ex. 34 at 4, ¶ (2)6; Trial Ex. 9 at 2:20-7:10). Since that time, the parties have continued to make and then amend or retract sworn statements pertaining to the nature and details of their arrangement. (*E.g.,* Dkt. 106 at ¶¶ (2)G & (2)L; 10/16/2024 Trial Tr. 23:17-26:8).

During the pendency of this miscellaneous proceeding, and as set forth above, the parties were also ordered to file supplemental information and provide certain disclosures, and the parties did not timely or fully comply with the Court's orders.[25] (Trial Ex. 34 at 3-7, ¶¶ (2)4-5, (2)7-9, (2)15, (2)24-25; Dkt. 35; 10/16/2024 Trial Tr. 91:19-93:22). Further, on June 10, 2024, this Court ordered EZ Legal to make no disbursements of any funds collected from debtors in any bankruptcy cases filed in this District pending further order of the Court, and EZ Legal knowingly and willfully violated the Court's order prohibiting the disbursement of debtor funds. (Dkt. 35 at 5; Dkt. 60 at ¶ 2).

During the course of these proceedings, the Court required the parties to provide information about how much they had collected from the debtors in the EZ Legal Financed Cases,

---

[25] My Arizona Lawyers has failed to file, or otherwise provide to the Court, all Retention Agreements (pre- and/or post-petition) in more than 575 of the Chapter 7 cases the Firm filed during the Lookback Period. EZ Legal and My Arizona Lawyers have failed to file or otherwise provide to the Court legible Promises to Pay in approximately 24 cases filed during the Third Iteration.

as well as the flow of money as between the parties. (Dkt. 53 at 3). The only accounting of funds paid and/or owed by debtors to My Arizona Lawyers and/or EZ Legal that was filed in response is in the form of spreadsheets that were prepared by EZ Legal. (Dkt. 45 at Ex. A; Dkt. 52; Dkt. 65 at Ex. C; Trial Ex. 39; Trial Ex. 40). These spreadsheets, which were created by Ms. Kiesel, are not substantiated by any raw data, are not consistent with generally accepted accounting principles, are not consistent with one another,[26] and are not consistent with the testimony provided by EZ Legal's representative.[27] Based upon the most comprehensive spreadsheet that has been provided to the Court,[28] it is EZ Legal's position that the debtors in the EZ Legal Financed Cases have paid a total of $1,644,566 and that the unpaid balance owed under the Retention Agreements and/or Promises to Pay implicated by this proceeding is $838,899.50.[29] (Dkt. 65 at Ex. C). According to Ms. Kallen's testimony, which testimony Ms. Kiesel did not refute, EZ Legal paid My Arizona Lawyers a total of $1,317,468.80 pertaining to the EZ Legal Financed Cases.[30] (10/16/2024 Trial Tr. 226:24-227:23; Trial Ex. 31 at ¶ h).

### III. Conclusions of Law

Pursuant to 11 U.S.C. § 329:

> (a) Any attorney representing a debtor in a case under [the Bankruptcy Code], or in connection with such a case . . . shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement

---

[26] 10/16/2024 Trial Tr. 215:2-16; *compare* Dkt. 45 at Ex. A; Dkt. 52 at Ex. A; Trial Ex. 39; Trial Ex. 40 *with* Dkt. 65 at Ex. C.

[27] See fn. 28. EZ Legal's own counsel was unable to explain one of the later iterations of EZ Legal's spreadsheet to the Court. (8/6/2024 Hearing Tr. 12:11-14:16).

[28] It is the determination of the Court that the most comprehensive spreadsheet that has been provided is the spreadsheet attached as Exhibit C to the proposed order filed at Dkt. 65. Exhibits 39 and 40, which were admitted into evidence during the October 16, 2024 evidentiary hearing, do not include cases filed between May 15, 2022 and October 12, 2022, which dates fall within the Lookback Period. Ms. Kiesel's testimony during the October 16, 2024 evidentiary hearing was based upon those incomplete exhibits.

[29] EZ Legal has at times taken the position that the outstanding principal balance owed under the Retention Agreements and Promises to Pay implicated by this proceeding is $739,112.50. (Dkt. 51 at ¶ 7; Dkt. 119 at 5). However, this figure, which appears to be taken from the last page of the spreadsheet attached as Exhibit C to Dkt. 65, does not take into account the cases or amounts listed on pages 19-24 of that spreadsheet.

[30] Ms. Kiesel acknowledged during the October 16, 2024 evidentiary hearing that her calculation of the total amount paid by EZ Legal to My Arizona Lawyers did not take into consideration certain deductions for defaulted accounts that were opened during the First Iteration. (10/16/2024 Trial Tr. 217:4-218:4).

was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive . . . .

Federal Bankruptcy Rule 2016(b) requires that an attorney's § 329[31] disclosure include "whether the attorney has shared or agreed to share the compensation with any other entity" and "the particulars of any sharing or agreement to share" by the attorney.[32]

"Once the bankruptcy court determines that an attorney has violated § 329 and Rule 2016, the bankruptcy court has the authority to order the attorney to disgorge all of his [or her] fees." *In re Basham*, 208 B.R. 926, 931 (9th Cir. BAP 1997), *aff'd sub nom. In re Byrne*, 152 F.3d 924 (9th Cir. 1998). "Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees." *In re Park-Helena Corp.*, 63 F.3d 877, 882 (9th Cir. 1995).

Section 528(a)(1)(B) requires debt relief agencies[33] to execute written contracts "that explain[] clearly and conspicuously the fees or charges [the agency will charge for] services, and the terms of payment[.]" Pursuant to § 526(c)(1), "[a]ny contract for bankruptcy assistance between a debt relief agency and an assisted person that does not comply with the material requirements of . . . section 528 shall be void and may not be enforced by any Federal or State court or by any other person, other than such assisted person."

Section 526(a)(2) prohibits debt relief agencies from "mak[ing] any statement . . . that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by

---

[31] Unless otherwise indicated, statutory references are to the Bankruptcy Code.

[32] Federal Bankruptcy Rule 2016 was amended in 2024 "as part of the general restyling of the Bankruptcy Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Fed. R. Bankr. P. 2016 Advisory Committee Notes (2024 Amendments). The 2024 amendments were intended to be stylistic only. *Id.*

[33] "[A]ttorneys who provide bankruptcy assistance to assisted persons are debt relief agencies . . . ." *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 239, 130 S. Ct. 1324, 1333, 176 L. Ed. 2d 79 (2010). Ms. Kallen and My Arizona Lawyers admit that they are debt relief agencies within the meaning of the Bankruptcy Code, and that they are therefore subject to the restrictions of § 526. (Trial Ex. 34 at 19, ¶ (4)15).

such agency to be untrue or misleading[.]"

Pursuant to § 526(c)(2):

> Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received . . . if such agency is found, after notice and a hearing, to have –
> (A) intentionally or negligently failed to comply with any provision of [§ 526] . . . or section 528 with respect to a case or proceeding under [the Bankruptcy Code] for such assisted person;
> (B) . . . ; or
> (C) intentionally or negligently disregarded the material requirements of the [Bankruptcy Code] or the Federal Rules of Bankruptcy Procedure applicable to such agency.

Pursuant to § 526(c)(5), "[n]otwithstanding any other provision of Federal law and in addition to any other remedy provided under Federal or State law, if the court, on its own motion or on the motion of the United States trustee . . . , finds that a person intentionally violated [§ 526], or engaged in a clear and consistent pattern or practice of violating [such] section, the court may (A) enjoin the violation . . .; or (B) impose an appropriate civil penalty against such person."

Section 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code,]" and "take[] any action or make[] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Further, the Court has broad inherent authority to sanction bad faith conduct and discipline attorneys who appear before it. *In re Deville*, 280 B.R. 483, 494-95 (9th Cir. BAP 2022), *aff'd sub nom. In re Deville,* 361 F.3d 539 (9th Cir. 2004); *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996); *In re Brooks-Hamilton*, 400 B.R. 238, 246 (9th Cir. BAP 2009); *In re Cuomo*, NV-13-1294-PaJuHl, 2014 WL 5358180, at *9 (9th Cir. BAP Oct. 21, 2014).

/ / /

/ / /

Pursuant to E.R. 1.8(a) of the Arizona Rules of Professional Conduct:

> A lawyer shall not . . . knowingly acquire . . . [a] pecuniary interest adverse to a client unless:
>
> (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;
>
> (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
>
> (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

Pursuant to E.R. 1.8(f) of the Arizona Rules of Professional Conduct:

> A lawyer shall not accept compensation for representing a client from one other than the client unless:
>
> (1) the client gives informed consent;
>
> (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and
>
> (3) information relating to representation of a client is protected by ER 1.6.

"'Informed consent' denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." Ariz. S. Ct. R. 42, E.R. 1.0(e).

The record reflects that Ms. Kallen and her Firm have intentionally, or at a minimum negligently, engaged in a clear and consistent, years-long pattern and practice of violating material provisions of the foregoing sections of the Bankruptcy Code and Rules intended to protect consumer debtors, and of violating Arizona's Rules of Professional Conduct. As an initial matter, although My Arizona Lawyers and EZ Legal, through their representatives, have attempted to characterize their relationship as an arms-length lending arrangement between two unrelated entities, this characterization is not supported by documentation, credible testimony, or any other evidence. In reality, the parties were partners in the operation and financing of a law

firm in which they shared fees paid by debtor-clients of the Firm. This fee sharing arrangement was not disclosed to debtor-clients nor to this Court. As discussed herein, when the improper circumstances surrounding the fee sharing arrangement were brought to light, the parties lied to this Court.

Even though Ms. Kallen and her Firm knowingly shared fees with EZ Legal, the Disclosures of Compensation that Ms. Kallen filed with this Court did not disclose fee sharing or the true source or amount of the compensation paid or to be paid to Ms. Kallen and her Firm, in violation of § 329(a), Federal Bankruptcy Rule 2016(b), and § 526(a)(2).

The Firm's Retention Agreements did not accurately, let alone clearly or conspicuously, explain the fees and charges for the services to be provided to debtor-clients of the Firm, or the terms of payment, in violation of § 528(a)(1)(B). The Firm's Retention Agreements contain material misrepresentations and/or material omissions pertaining to the arrangement with EZ Legal, contain material misrepresentations pertaining to debtor payment obligations, and contain inconsistent provisions when read with the Disclosures of Compensation and Promises to Pay.[34] Further, the Retention Agreements contain numerous improper conflict of interest waivers. Given the evidence and testimony, debtor-clients did not and could not have given informed consent to the incurrence of post-petition debt owed to either the Firm or EZ Legal, and debtor-clients were at no time advised of the direct conflicts of interest between themselves and Ms. Kallen and her Firm. To expect debtor-clients, who are unsophisticated in the law, to understand documents which are complex, inconsistent, contradictory, and overreaching, and which include numerous direct conflict of interest waivers is not only outrageous but in direct violation of E.R. 1.8 of the Arizona Rules of Professional Conduct.

---

[34] The Court further notes that the Firm's Retention Agreements, which provide that certain bankruptcy services will only be performed at the sole discretion of the Firm, and which provide that the Firm does not represent debtors in certain bankruptcy matters, violate Local Rule 9010-1(c)(1), which rule requires attorneys who file bankruptcy petitions to represent their debtor-clients in all matters, other than adversary proceedings, until the case is closed or the Court enters an order approving the withdrawal or substitution of counsel. Ms. Kallen suggests that her Firm's Retention Agreements do not violate Local Rule 9010-1(c)(1) because the actual practice of the Firm is to represent debtors-clients in all administrative matters. However, under that interpretation, the Firm's Retention Agreements contain materially misleading statements pertaining to the services to be rendered to debtor-clients.

Ms. Kallen and her Firm have steered hundreds of inexperienced consumer debtors into complicated, contradictory, and confusing fee and loan agreements without providing those debtors with any clear explanation or guidance as to what they were agreeing to, what legal services they could expect to receive, how much they were paying for their attorney's services, how much of a financing fee, if any, they would be obligated to pay, or how payments were to be made. The Court finds that Ms. Kallen and her Firm's position that their inadequate disclosures and violations of the Bankruptcy Code and Federal Bankruptcy Rules were merely inadvertent to be totally disingenuous and self-serving.

In view of the foregoing, it is the determination of this Court that the Firm's Retention Agreements in all EZ Legal Financed Cases, as set forth on the Case List, are void, and that Ms. Kallen and her Firm are liable for all fees and charges paid by such debtors. 11 U.S.C. §§ 329, 526(c)(1), 526(c)(2)(A), 526(c)(2)(C); Fed. R. Bankr. P. 2016; *In re Park-Helena Corp.*, 63 F.3d 877 (9th Cir. 1995); *In re Basham*, 208 B.R. 926 (9th Cir. BAP 1997), *aff'd sub nom. In re Byrne*, 152 F.3d 924 (9th Cir. 1998). Full disgorgement of all fees that have been paid by debtors in the EZ Legal Financed Cases in the sum of $1,644,566 is therefore appropriate, any outstanding balances are cancelled, and any collection efforts are prohibited. Further, as discussed above, during these proceedings, Ms. Kallen has made statements to this Court that she knew or reasonably should have known to be false and/or misleading, and Ms. Kallen and her Firm have failed to timely and fully comply with this Court's orders. Ms. Kallen and her Firm's conduct, practices, and lack of candor to this Court constitute a clear abuse of the bankruptcy system for which additional sanctions are necessary and appropriate.

EZ Legal, for its part, has admittedly financed a law practice, shared fees with that law practice, obtained access to sensitive personal information of debtor-clients, and in some cases obtained the Promises to Pay from debtor-clients of My Arizona Lawyers. Under this structure, EZ Legal has collected and retained fees in Chapter 7 cases under terms that were never fully or accurately communicated to debtors, in writing or otherwise. The funds that EZ Legal collected and retained were funds that debtor-clients of My Arizona Lawyers were told constituted attorney's fees. In reality, the fees EZ Legal collected or pursued collection of, which are

25-38% more than the fees actually paid by EZ Legal to My Arizona Lawyers, are the equivalent of undisclosed financing fees and/or interest charges, and constitute an undisclosed fee sharing arrangement. Further, EZ Legal has made misrepresentations to this Court and intentionally and willfully violated orders of this Court issued during the pendency of this proceeding. EZ Legal's conduct, practices, and lack of candor to the Court constitute a clear abuse of the bankruptcy system, which warrants sanctions.

Given the Court's determination that the Firm's Retention Agreements in the EZ Legal Financed Cases are void, neither My Arizona Lawyers nor EZ Legal retain any legal right or authority to collect any funds from such debtor-clients. In fact, EZ Legal acknowledges that it has no independent right to collect any payments from debtor-clients of the Firm whose cases were filed during the First Iteration or Second Iteration.[35] EZ Legal, however, asserts that this Court has no basis to void the Promises to Pay because the Promises to Pay are post-petition obligations which were incurred to extinguish the debtors' obligations to pay My Arizona Lawyers post-petition legal fees. Contrary to EZ Legal's assertions, there is no evidence before this Court that debtors were ever informed that their obligations to My Arizona Lawyers would terminate upon execution of the Promise to Pay. In fact, the Promises to Pay directly contradict this position by stating "You will be required to pay EZLegalFees regardless of your dealings with MyAzLawyers." (Trial Ex. 6 at 16). The terms of the Retention Agreements are also directly contrary to the position asserted by EZ Legal.

Based upon the foregoing and the entire record, it is the determination of the Court that EZ Legal's position that the Promises to Pay constitute independent post-petition loan transactions is not convincing and is totally without merit. Given the Court's determination that the Promises to Pay used during the Third Iteration do not constitute independent post-petition loan transactions, and given that the legal fees are no longer due and owing by debtor-clients pursuant to this Court's voiding of the relevant Retention Agreements, the Promises to Pay must also be voided by this Court.

The pattern and extent of the parties' misconduct, the disregard for the Bankruptcy Code

---

[35] 10/16/2024 Trial Tr. 205:23-206:12.

and Bankruptcy Rules, the lack of candor to the Court, the harm to consumer debtors, and the parties' abuse of the bankruptcy system in this District is abundantly clear in the record before the Court. Wherefore, based upon the foregoing, in consideration of the totality of the testimony and evidence presented, and the entire record before the Court;

**IT IS HEREBY ORDERED** that the UST Motion is granted as set forth herein.

**IT IS FURTHER ORDERED** that any and all retention, fee, and financing agreements, including all Promises to Pay, between Ms. Kallen, My Arizona Lawyers, EZ Legal, and Ms. Kiesel, and any and all debtors on the Case List, are void.

**IT IS FURTHER ORDERED** that My Arizona Lawyers and Ms. Kallen shall collectively disgorge $1,644,566.00 to the Clerk of Court via a check payable to "Clerk, U.S. Bankruptcy Court," to be held in the Court's registry, in a non-interest-bearing account, pending further Court order.

**IT IS FURTHER ORDERED** that any unpaid amounts allegedly owed to My Arizona Lawyers, Ms. Kallen, EZ Legal and/or Ms. Kiesel by or on behalf of the debtors on the Case List pertaining to their respective bankruptcy cases (the "Debtor Obligations") are cancelled.

**IT IS FURTHER ORDERED** that My Arizona Lawyers, Ms. Kallen, EZ Legal, and Ms. Kiesel, individually or through any entity, are prohibited from engaging in any collection efforts and/or accepting any payments of the Debtor Obligations.

**IT IS FURTHER ORDERED** that Ms. Kallen and My Arizona Lawyers are barred and enjoined from filing bankruptcy cases in the District of Arizona for a period of at least two years (the "Two-Year Suspension"). In the event full disgorgement has been made as set forth above, and to the extent Ms. Kallen and/or My Arizona Lawyers want to resume filing bankruptcy cases in this District after the end of the Two-Year Suspension, such party or parties must seek approval from the Chief Judge for the U.S. Bankruptcy Court for the District of Arizona, with notice to the Office of the United States Trustee.

**IT IS FURTHER ORDERED** that EZ Legal and Ms. Kiesel, individually or through any entity, are permanently barred and enjoined from providing any lending and/or financing pertaining to any bankruptcy cases filed in the United States Bankruptcy Court for the District of

1  Arizona.[36]

2  **IT IS FURTHER ORDERED** that My Arizona Lawyers, Ms. Kallen, EZ Legal, and Ms.

3  Kiesel shall remove any negative credit notations they have placed on the credit reports of any

4  debtors on the Case List, including any negative credit notations indicating late payments or an

5  outstanding balance, within 30 days of the date of this Order and file a certificate of compliance

6  with the Court (the "Credit Reporting Order").

7  **IT IS FURTHER ORDERED** that if My Arizona Lawyers, Ms. Kallen, EZ Legal, and/or

8  Ms. Kiesel fail to timely comply with the Credit Reporting Order, any impacted debtor on the

9  Case List may submit a copy of this Ruling and Order to the appropriate credit reporting agency.

10  **IT IS FURTHER ORDERED** that My Arizona Lawyers, Ms. Kallen, EZ Legal, and Ms.

11  Kiesel shall ensure that no negative credit notations in relation to the Debtor Obligations are

12  placed on any credit reports in the future.

13  **IT IS FURTHER ORDERED** that this Court will retain jurisdiction over all matters

14  pertaining to this Ruling and Order, including enforcement and future distribution of disgorged

15  funds. Notice regarding procedures for distribution of any amounts disgorged will be provided

16  to affected debtors at a later date.

17  Debtors who have questions or concerns may contact the Court's Self-Help Center at

18  (602) 682-4007 for assistance, or may request a hearing in their individual case.

19  **SIGNED AND DATED ABOVE.**

20

21

22

23

24

25

26

27

28

---

[36] Ms. Kiesel and EZ Legal have already been permanently barred and enjoined from providing any lending and/or financing services pertaining to any bankruptcy cases filed in this District in the Ambs MP Ruling and Order, which is a final order. (4:24-mp-00002-BMW at Dkt. 61).

# EXHIBIT A

| Case Number | Debtor Name(s) |
| --- | --- |
| 2:22-bk-03073-BKM | DILLON LAWRENCE MURRAY |
| 2:22-bk-03121-MCW | LADEREK WALTER KETEN |
| 2:22-bk-03123-PS | EDGAR RIVAS-VIGIL |
| 2:22-bk-03147-PS | MANUEL DELUNA |
| 2:22-bk-03153-DPC | WILLIE LARRY LEWIS |
| 4:22-bk-03167-BMW | SELINA ANGELA PACHECO |
| 2:22-bk-03170-PS | DEMARCUS ANTION COLEMAN |
| 2:22-bk-03178-BKM | JASON ANDREW SIMPSON |
| 2:22-bk-03185-BKM | NERISSA ABBOTT |
| 4:22-bk-03189-BMW | NATHEN ALLEN CHRISTIAN |
| 4:22-bk-03208-BMW | YOGIDEVI MAAT |
| 2:22-bk-03210-EPB | LAUREN D GOINGS |
| 2:22-bk-03212-PS | ESTEFANI SALAZAR |
| 2:22-bk-03217-MCW | JUAN ANTONIO GARIVO ESPINOZA |
| 2:22-bk-03221-PS | DAVID GUERRERO |
| 4:22-bk-03225-SHG | TRACY ALAN ROTHSTEIN and JENNIFER S ROTHSTEIN |
| 2:22-bk-03240-EPB | ANDREA CORKE GALLOWAY |
| 2:22-bk-03242-MCW | JASON BERNARD MCALLISTER |
| 2:22-bk-03250-DPC | SARINA ROSEANN DIMAGGIO |
| 4:22-bk-03287-SHG | ERICK SHAUN FERGUSON |
| 4:22-bk-03293-BMW | JAMES L ALLEN, JR. |
| 4:22-bk-03317-SHG | CESAR DAVID CAMBEROS |
| 4:22-bk-03318-BMW | KEENAN TIMOTHY MADDOCK and TABITHA BRITTANY LOCHNER MADDOCK |
| 4:22-bk-03335-SHG | MANUEL A. RIOS and ALMA DELIA RIOS |
| 2:22-bk-03339-EPB | AMY SUE GORDON |
| 2:22-bk-03372-DPC | SCOTT CHRISTOPHER KOEPPEN |
| 4:22-bk-03374-SHG | MICHAEL ANTHONY SCOGGINS and ERIN LYNNE SCOGGINS |
| 2:22-bk-03383-EPB | MARGARET MELINDA GUZMAN |
| 2:22-bk-03405-PS | TARA C OLDEN |
| 2:22-bk-03410-MCW | AZIHA RAINE BROWN |
| 4:22-bk-03427-SHG | DANIEL LOUIS STEWART and CONNIE LOUISE STEWART |
| 4:22-bk-03431-BMW | JEANNIE M LAROSE |
| 4:22-bk-03435-SHG | MISTY D MEARS |
| 2:22-bk-03440-DPC | SEAN RYAN KILKENNY |
| 4:22-bk-03474-SHG | ELIAS O DOSTER |
| 2:22-bk-03489-DPC | WILLIAM RICHARD CARR, III - Deceased |
| 2:22-bk-03577-PS | DENISE ANTOINETTE HILL |
| 2:22-bk-03595-MCW | CAMERON M UDY |
| 4:22-bk-03622-BMW | SKLOR RYAN REBER and TAYLER ELIZABETH REBER |
| 4:22-bk-03653-SHG | COLLEEN M BECKER |
| 4:22-bk-03662-BMW | JOSE LUIS RIVERA, JR. |
| 2:22-bk-03789-MCW | THOMAS LEE MORRIS |
| 2:22-bk-03818-PS | KOURTNY DEMOND COOPER |
| 2:22-bk-03858-EPB | DATRON TERREL MORGAN |

| Case Number | Debtor Name(s) |
|---|---|
| 2:22-bk-03886-PS | JEFFREY A HERALD |
| 2:22-bk-03906-PS | ROBERT K. PARIS |
| 2:22-bk-03909-DPC | SHARI ANNE MEDINA |
| 2:22-bk-03912-BKM | EPIPHANY DUKE |
| 2:22-bk-03913-MCW | KOURTNEI DEIJANAE HARRIS |
| 2:22-bk-03914-DPC | HANNA CHRISTIAN SCOTT |
| 2:22-bk-03915-EPB | RICK JAMES |
| 2:22-bk-04018-MCW | EDWARD M CORIA |
| 2:22-bk-04029-PS | ANDREA SUE NEWBURGH |
| 2:22-bk-04040-PS | PATRICIA ANN WANCZYK |
| 2:22-bk-04049-DPC | PEGGY J SALAS |
| 4:22-bk-04057-BMW | CYNTHIA SUE MARTIN |
| 2:22-bk-04069-EPB | MARCELA MARIA CASTANEDA |
| 2:22-bk-04076-DPC | ALFONSO SERRANO and ODALIS MARLENE SERRANO |
| 2:22-bk-04084-BKM | RUTH L CHAYTOR |
| 2:22-bk-04097-EPB | KEVIN D. KAISER |
| 2:22-bk-04248-PS | CHRISTOPHER LASHON MORGAN |
| 4:22-bk-04317-BMW | KIMBERLY L LEWIS |
| 4:22-bk-04343-SHG | MELODY LEANNE SALAZAR |
| 0:22-bk-04373-SHG | TRACY ONASCH |
| 4:22-bk-04403-SHG | CATHY J. STAHL |
| 2:22-bk-04427-DPC | MARY LOUISE WARRICK |
| 2:22-bk-04440-MCW | QUAN MINH NGUYEN |
| 2:22-bk-04643-DPC | ANNA LIZA L BANGOY |
| 2:22-bk-04703-EPB | HECTOR MANUEL FLORES |
| 2:22-bk-04723-PS | BRITTANY LACOLE THOMPSON |
| 2:22-bk-04742-EPB | MARCUS LEE SAUNDERS and YADIRA SAUNDERS |
| 2:22-bk-04747-EPB | ALEX JOSEPH LANGSFORD |
| 4:22-bk-04759-SHG | VIVIANA ELISA ALCANTARA |
| 2:22-bk-04769-BKM | MICHELLE CLARICE JUMPER |
| 2:22-bk-04777-BKM | ANGELA LOUISE STROUSE |
| 2:22-bk-04936-PS | ASHLEY ANNETTE GAITER |
| 2:22-bk-04940-EPB | KARINA M RUIZ LUGO |
| 2:22-bk-04961-EPB | DAWENTZA REYANN FLORES |
| 2:22-bk-04981-EPB | DIANA L SALAZAR URIBE |
| 2:22-bk-04982-MCW | IRA ANTHONY BUBE and SARAH MICHELLE BUBE |
| 2:22-bk-04988-DPC | STEVEN F MILLER |
| 2:22-bk-04999-MCW | DREUX E. MARQUARDT |
| 2:22-bk-05020-EPB | FRANK E. TORRES and GUADALUPE LABORIN |
| 2:22-bk-05084-PS | MARCO ALON FLORES ZAMORA and ADELAIDA ACOSTA HERRERA |
| 2:22-bk-05098-MCW | TARAH LEIGH MILLER |
| 4:22-bk-05124-BMW | DIANA SUE GERBER |
| 2:22-bk-05133-PS | LAURIE LYNN MARTINEZ |
| 2:22-bk-05161-BKM | SHANEAKQUA JONES |
| 4:22-bk-05172-BMW | DEVIN A ROSE |

| Case Number | Debtor Name(s) |
|---|---|
| 2:22-bk-05184-MCW | MICHAEL L COLVIN |
| 2:22-bk-05280-PS | RACHAEL LYNN THIELE |
| 2:22-bk-05318-DPC | ROBERT EUGENE GILBERT |
| 4:22-bk-05326-BMW | JOSHUA THOMAS HERMOSILLO |
| 2:22-bk-05334-DPC | KRYSTAL TAQUETTAROYALTY GREEN |
| 2:22-bk-05355-EPB | PAUL GONZALES |
| 2:22-bk-05378-PS | BRANDON LEE BARTON |
| 2:22-bk-00537-PS | ALICIA N. RUE |
| 2:22-bk-02353-MCW | JENNY L MOYER |
| 2:22-bk-05443-EPB | CHRISTOPHER CORTEZ HERNANDEZ |
| 2:22-bk-05445-EPB | BILLY R RIGGS and NAOMI JEAN RIGGS |
| 2:22-bk-05454-BKM | ELIJAH CRUZ and ALLIE ROBYN CRUZ |
| 2:22-bk-05472-EPB | JUSTIN TAYLOR JAFFE |
| 4:22-bk-05476-BMW | ALEXIS N RUIZ |
| 2:22-bk-05493-PS | SUSAN CAROL WOLVEN |
| 2:22-bk-05549-MCW | SHARON J GREEN |
| 2:22-bk-05567-DPC | SHANNON BENCIVENGA |
| 2:22-bk-05571-DPC | ERIK J FEELEY |
| 2:22-bk-05578-EPB | CHRISTOPHER JAMES KERSEY |
| 2:22-bk-05630-BKM | CHEYANNE GRADIE RIGGS |
| 2:22-bk-05634-DPC | MARIBEL M VILLEZCAS |
| 2:22-bk-05649-EPB | HENRY LA MAGNA, JR. and JACQUELINE LA MAGNA |
| 4:22-bk-05659-BMW | BARBARA M CORRAO |
| 2:22-bk-05674-EPB | MONICA SELINA CIPRIANI |
| 4:22-bk-05679-SHG | EMMA LHIA ELDER |
| 2:22-bk-05681-BKM | CHARLES JOHN HERNANDEZ and GLORIA MARIE HERNANDEZ |
| 2:22-bk-05695-EPB | JOHN JAMES COLLONDREZ, JR. |
| 2:22-bk-05709-MCW | BREEANNA MICHELLE SANCHEZ |
| 2:22-bk-05711-PS | SHIRLEY ANN PIERINI |
| 2:22-bk-05712-BKM | PAMELA LOUISE JENKINS |
| 4:22-bk-05713-SHG | VERONICA TERESE ALVAREZ |
| 2:22-bk-05731-DPC | KHALEEL LAMONT BRANDY |
| 2:22-bk-05737-DPC | LISA A. LOPEZ |
| 2:22-bk-05765-DPC | GARY BARRETT |
| 2:22-bk-05766-PS | JORDAN V MECHAM |
| 2:22-bk-05797-BKM | KATHLEEN ANN BEHRENS |
| 4:22-bk-05806-SHG | KAILAH CIMONE COOK |
| 2:22-bk-05810-MCW | JOSEPH GERARD DEY |
| 2:22-bk-05815-EPB | CORTNEY J LAMB |
| 2:22-bk-05817-EPB | JACK H BEGAY |
| 2:22-bk-05840-BKM | JOSHUA DWAYNE EIFORT and ESTELLA LILLIAN WHITTLE-EIFORT |
| 2:22-bk-05842-EPB | PICHILLA LUCE WILEY |
| 4:22-bk-05847-BMW | JESSICA NICOLE RAMIREZ |
| 2:22-bk-05857-MCW | CHERYN A. VALENTINE |
| 2:22-bk-05865-DPC | LAWANA ANTIONET RICHARDS |

| Case Number | Debtor Name(s) |
|---|---|
| 4:22-bk-05867-SHG | JEREMY MICHAEL DANIELS |
| 2:22-bk-05934-EPB | CHELSEA ANNE PINDELL |
| 4:22-bk-05935-SHG | TABITHA DAWN GOMER |
| 2:22-bk-05995-PS | ROBERT JON SCHWICHTENBERG and GAIL M SCHWICHTENBERG |
| 2:22-bk-05991-BKM | KATHERINE ANNE SPIVEY |
| 4:22-bk-06034-SHG | EDELMIRA CECENA |
| 2:22-bk-06061-EPB | NICOLE RENEE MORRIS |
| 2:22-bk-06064-BKM | LILIANA THOMAS |
| 2:22-bk-06081-PS | DAVID A REURINK and BARBARA ANN REURINK |
| 2:22-bk-06090-PS | DAWN MARIE KOPATICH |
| 2:22-bk-06128-PS | JESSICA LYNN SPERA-MOLNAR |
| 2:22-bk-06129-DPC | CHRISTOPHER MATTHEW OGLE |
| 2:22-bk-06143-EPB | YASMEEN VILLALOBOS |
| 4:22-bk-06145-SHG | EBONY NICOLE JONES |
| 4:22-bk-06167-BMW | JANNIRE YAZMIN CHASE |
| 2:22-bk-06172-EPB | KIMBERLY A BAKER |
| 2:22-bk-06176-PS | ANNA LIZA L BANGOY |
| 2:22-bk-06181-EPB | LUKE WILLIAM ISAAC RYBERG |
| 2:22-bk-06211-MCW | DEBRA LYNN PORE |
| 4:22-bk-06254-SHG | WENDY R HANCOCK |
| 2:22-bk-06269-MCW | JASON DANIEL TUCKER |
| 2:22-bk-06273-DPC | GARY KING WALLER and DIANA YOLANDA WALLER |
| 2:22-bk-06299-PS | HEATHER SCHILLING |
| 4:22-bk-06355-SHG | CHERISH MICHAEL RAGLIN |
| 2:22-bk-06365-DPC | BRYAN LESLIE MEFFERD and DEBRA ANN MEFFERD |
| 2:22-bk-06374-BKM | THOMAS VERNON RACHELS, JR. and MELISSA ROSE RACHELS |
| 2:22-bk-06375-PS | JAD MICHAEL MOURSEL |
| 2:22-bk-06376-MCW | RODRIGO AVILA VALLEJO and VERONICA VALLEJO |
| 2:22-bk-06378-EPB | ZACHARY R. BECKER |
| 2:22-bk-06380-BKM | CONSTANCE ANN LINDSEY |
| 2:22-bk-06381-BKM | STEPHANIE W CROUDEP |
| 2:22-bk-06447-EPB | TYNICA RENEE THOMAS |
| 2:22-bk-06473-MCW | JEFFREY ARNOLD GARCIA MUTTER and CARLOS A GARCIA RIOS |
| 2:22-bk-06475-EPB | CHARRISE MARIE ODOM |
| 2:22-bk-06489-BKM | FRANCISCO JAVIER CARBALLO |
| 2:22-bk-06493-DPC | ALYSIA RAE ASHLEY |
| 2:22-bk-06508-PS | SHAWN ERIC MCFADDEN and LYNN MARIE MCFADDEN |
| 2:22-bk-06535-PS | MICHAEL R FELTEN and EVELYN FELTEN |
| 2:22-bk-06536-DPC | KIMBERLY MARIE CASEY |
| 4:22-bk-06563-SHG | BARBARA JEAN ADAMS |
| 2:22-bk-06572-BKM | CHAUNCEY DARNELL OSBY and MARQUITA MARIE OSBY |
| 2:22-bk-06576-EPB | LASHAWNDA YVETTE FULLER |
| 2:22-bk-06577-PS | OLIVIA CIARA BAKEMAN |
| 2:22-bk-06585-PS | JAMES BRIAN SHULER and JENNIFER ANN SHULER |
| 4:22-bk-06600-SHG | DIANA VANESSA MARTINEZ |

| Case Number | Debtor Name(s) |
|---|---|
| 2:22-bk-06621-EPB | LILLIAN GRACE TOWNSEND |
| 2:22-bk-06826-EPB | MARLA MARIE LINDER |
| 2:22-bk-06892-MCW | DUSTIN DAVID DIETZ ACKLEY |
| 4:22-bk-06894-BMW | MARIA R. HERNANDEZ |
| 2:22-bk-06896-BKM | ARLIEN BALTIERRA AYON |
| 2:22-bk-07060-EPB | CAROL M VOLLAND |
| 4:22-bk-07075-BMW | JOHN JOSHUA WATSON and MARY ELIZABETH GEIOGAMAH |
| 4:22-bk-07108-SHG | YVETTE MARGARITA CONTRERAS |
| 0:22-bk-07139-PS | PAULA LEE SHAW |
| 2:22-bk-07147-BKM | CHAUNCEY DARNELL OSBY |
| 2:22-bk-07158-MCW | DUANE MICHAEL RUPP |
| 4:22-bk-07161-BMW | SUSAN DAWN TOVAR |
| 3:22-bk-07173-DPC | EDWARDO O DURAN, SR. and AMY S. DURAN |
| 2:22-bk-07176-PS | JOHN ARTHUR ANDERSON and DEBRA MARIE ANDERSON |
| 4:22-bk-07185-SHG | TARRA ELISABETH LA FLAMME |
| 4:22-bk-07188-BMW | CASANDRA STEPHENS GALLOWAY |
| 0:22-bk-07189-PS | CARLTON HUGH HENRY, JR. |
| 2:22-bk-07194-MCW | CONSTANCE D ARAIZA |
| 2:22-bk-07229-PS | ANAHI CRUZ |
| 4:22-bk-07242-BMW | DAVID ANTHONY MARISCAL |
| 2:22-bk-07254-MCW | MONICA MICHELLE SLUSHER |
| 2:22-bk-07301-PS | KIMBERLY NESCHEA CARROLL |
| 4:22-bk-07307-SHG | ROGER ALAN COTTON, JR. |
| 2:22-bk-07310-DPC | LA'MORA D'JANAE CAREY |
| 4:22-bk-07343-BMW | RYAN RUSSELL ULRICH and CORRIE MARIE ULRICH |
| 4:22-bk-07371-BMW | NANCY MARIVEL PALMA |
| 2:22-bk-07406-PS | MUREEN J DURAN |
| 2:22-bk-07412-MCW | KEITH JAMES FITZPATRICK |
| 2:22-bk-07430-PS | BRIAN SCOTT FARMER |
| 4:22-bk-07436-SHG | EUGENE LAQUAN BATEMAN and EBONY CHRISTIAN BATEMAN |
| 2:22-bk-07442-EPB | BRANNON THOMAS MULLINS and MELISSA JONELL MULLENS |
| 4:22-bk-07445-BMW | FRANCES K ANDAZOLA |
| 2:22-bk-07447-DPC | BARBARA A WEBB |
| 2:22-bk-07462-BKM | SHARON REBECA GUERARD |
| 2:22-bk-07513-DPC | AMANDA NICOLE STARR |
| 2:22-bk-07518-BKM | CARLOS ANTONE AUTMAN |
| 2:22-bk-07525-DPC | LUISA EVONNE VALDEZ |
| 4:22-bk-07541-BMW | BENJAMIN JOSEPH BECKHAM |
| 2:22-bk-07546-MCW | JENNIFER N AGUAYO |
| 3:22-bk-07560-DPC | TRAVIS RYAN WILLIAMS and RENEE ELIZABETH WILLIAMS |
| 4:22-bk-07562-SHG | CHRISTIAN MICHAEL PORTER |
| 4:22-bk-07612-SHG | WHITNEY DOMINIQUE BOLING |
| 4:22-bk-07613-SHG | DEE ANN STAGGS |
| 2:22-bk-07622-DPC | SAMANTHA KRISTIN GARY |
| 2:22-bk-07629-MCW | ORIEN L HEUPEL |

| Case Number | Debtor Name(s) |
|---|---|
| 2:22-bk-07665-EPB | QUIONE JANAE SIMS |
| 4:22-bk-07669-BMW | KURT SALEM BACHMAN and PAMELA CLARK BACHMAN |
| 2:22-bk-07703-EPB | SHANE WESLEY ALLEN |
| 4:22-bk-07704-SHG | DAVID L HOLM and LAURIE HOLM |
| 2:22-bk-07757-BKM | GAIL M JANSEN |
| 2:22-bk-07762-PS | BEVERLY M HENRY |
| 2:22-bk-07763-DPC | JACQUELINE BELLASTARAE LAMBERTO |
| 2:22-bk-07776-DPC | HILDA MORACHIS |
| 2:22-bk-07791-BKM | JUAN DANIEL ALVAREZ |
| 2:22-bk-07796-MCW | ROBERT LITTLETON |
| 2:22-bk-07810-DPC | MARK D VANDERWERF |
| 4:22-bk-07837-SHG | STACEY TERRY |
| 2:22-bk-07838-DPC | KAREN K LOVING |
| 2:22-bk-07848-BKM | CHERYL ANN BRANSCUM |
| 2:22-bk-07854-MCW | CINDY L RHEA |
| 2:22-bk-07856-BKM | KEVIN JOSEPH CHEUNG |
| 4:22-bk-07857-SHG | MARY LEE HAYES |
| 2:22-bk-07861-PS | LORENZO PAUL MARQUEZ |
| 2:22-bk-07862-MCW | CORVON TIWAN BIBBS |
| 2:22-bk-07871-PS | TAMARA RENEA WEBB |
| 2:22-bk-07898-EPB | STACEY DAWN MCNEIL |
| 4:22-bk-07940-SHG | CARLOS NAVARETTE MADRID |
| 2:22-bk-07957-DPC | TIFFANY EILEEN THOMAS |
| 2:22-bk-07969-EPB | BRANDYN RAE BALLARD |
| 2:22-bk-07980-PS | LAUREN LEANN LUKE |
| 2:22-bk-07981-MCW | VICKIE SUE ARKADIE |
| 2:22-bk-07988-PS | RYLEE LARAE JOHNSON |
| 2:22-bk-07989-DPC | CLINTON JACKSON |
| 2:22-bk-07994-BKM | ANDREW G LACINAK, JR. and KATHLEEN ANN LACINAK |
| 2:22-bk-07998-EPB | MICHAEL ANDREW RIDDER, JR. |
| 2:22-bk-08005-MCW | STEVEN MICHAEL CARROLL and DENISE ROSE CARROLL |
| 2:22-bk-08008-EPB | WILLIAM CURTIS WALKER and RONELLA WALKER |
| 2:22-bk-08130-MCW | DALE RICHARD MOORE and DEBBIE MAE MOORE |
| 2:22-bk-08132-DPC | ALBERTO G ROSCIANO |
| 2:22-bk-08148-PS | KATRINA MONIQUE MCCLAIN |
| 2:22-bk-08187-DPC | JENNA LEE GOODIN |
| 2:22-bk-08193-PS | CLAYTON HUNT |
| 2:22-bk-08195-EPB | MONAYE JAVONNE WILLIAMS |
| 2:22-bk-08197-EPB | REBECCA LYNN MALDONADO |
| 2:22-bk-08226-MCW | SHANNON LEIGH DIEHL |
| 2:22-bk-08240-EPB | RICK S RODRIGUEZ and STACIA A. RODRIGUEZ |
| 2:22-bk-08241-DPC | BRENDA S MULLER |
| 4:22-bk-08259-BMW | CATHERINE ELIZABETH FELTNER |
| 2:22-bk-08264-BKM | JOHN ARTHUR MORRIS and JUDY A MORRIS |
| 2:22-bk-08305-MCW | JOHN AVERY LEE and TERI KAY LEE |

| Case Number | Debtor Name(s) |
|---|---|
| 4:22-bk-08315-SHG | BRIANA HURTADO MORAN |
| 4:22-bk-08339-SHG | DESIREE DAWN DEFOE |
| 2:22-bk-08341-PS | BRITTANY VANOSDOL |
| 2:22-bk-08360-BKM | JAIME LYNN FISH |
| 2:22-bk-08381-PS | TERESA GARDEA BARRAZA |
| 2:22-bk-08391-EPB | LUZ MARIA OLIBARRIA |
| 2:22-bk-08425-DPC | TIKISHA TILEWA FAGBEMI |
| 2:22-bk-08501-EPB | PATRICIA DEANNE SCOTT |
| 2:22-bk-08511-PS | ERICA KRYSTAL RIGGINS |
| 2:22-bk-08520-DPC | ASHLEY NICOLE SOURS |
| 2:22-bk-08527-EPB | CARIE CAROLINE THOMAS |
| 2:22-bk-08530-BKM | HADEN HENRY ALLEN |
| 2:22-bk-08532-BKM | CONNIE JUNE DAVIS |
| 2:22-bk-08556-BKM | KELLY NICHOLE HYDE |
| 2:22-bk-08567-MCW | MONICA MARCELLA |
| 2:22-bk-08592-EPB | MARISA NAIMA DRIVER |
| 2:22-bk-08593-PS | APRIL MARIE GRIFFITH |
| 4:22-bk-08594-BMW | JANNA ROSE |
| 2:22-bk-08595-BKM | BRITNEY NICOLE GONZALES |
| 4:23-bk-00047-BMW | JEFFREY ALAN BECK and IRMA MERCEDES VANDENSTEEN-BECK |
| 2:23-bk-00094-DPC | REED W PENROD and RACHEL R PENROD |
| 2:23-bk-00133-DPC | JORGE ARMANDO NAVA-AGUILAR |
| 4:23-bk-00173-BMW | THOMAS M SPERANZA and BARBARA J SPERANZA |
| 2:23-bk-00226-DPC | ASIA ADONIS YOUNG |
| 2:23-bk-00228-BKM | GERARDO ALBERTO PENA |
| 4:23-bk-00229-SHG | ROBERT BRIZUELA |
| 2:23-bk-00231-EPB | ELESE DELET BATES |
| 2:23-bk-00232-BKM | BRITNEY TERRELL MARSHALL |
| 4:23-bk-00236-BMW | MELANIE YVONNE JONES |
| 4:23-bk-00249-SHG | SAMANTHA NICOLE GILBERTI |
| 2:23-bk-00259-EPB | MICHAEL RAE SEE and DORIS JANE SEE |
| 2:23-bk-00262-EPB | REYNALDO HERNANDEZ CASTRO, III and ERICA DIONNE CASTRO |
| 4:23-bk-00274-BMW | RANDALL CRAIG MOORE |
| 2:23-bk-00286-PS | ALFRED BELLIZIO and LINDA ANN BELLIZIO |
| 2:23-bk-00310-DPC | ALEAHA DESHAWN GONZALEZ |
| 2:23-bk-00316-BKM | RENA ANNEMARIE BAILON |
| 4:23-bk-00323-BMW | MICHAEL EUGENE BRIAN MOSELEY and JENNIFER NOELLE MOSELEY |
| 4:23-bk-00363-SHG | KIMBERLY A FORE |
| 2:23-bk-00386-BKM | JOSE CHRISTIAN ECHEVERRY ARANGO |
| 2:23-bk-00412-MCW | JOSE JESUS QUEZADA RUIZ |
| 2:23-bk-00413-PS | MERRI CHRISTINE JANNETTO |
| 4:23-bk-00421-SHG | TRUDY ANN MILDEBRATH |
| 2:23-bk-00446-DPC | GREGORIO LEON and BRIAN PATRICK BOGGS |
| 2:23-bk-00447-MCW | KRYSTAL MARIE MOORE |
| 4:23-bk-00463-SHG | JESSE GARRETT SCHOONEJONGEN and ALECIA MARIE SCHOONEJONGEN |

| Case Number | Debtor Name(s) |
|---|---|
| 2:23-bk-00466-PS | JAMES WALLEN DOVINE, III |
| 2:23-bk-00467-DPC | DEVON CHRISTOPHER MCLAUGHLIN |
| 4:23-bk-00496-BMW | PAMELA A PARKER |
| 2:23-bk-00497-BKM | RENEE ESTHER GRUSY |
| 2:23-bk-00498-EPB | SARANNA INGRID DAVIDSON |
| 2:23-bk-00528-DPC | TILTON LAMAR POYNTER and ALFREDA LASHON POYNTER |
| 4:23-bk-00530-BMW | SIARA INEZ SANCHEZ |
| 2:23-bk-00531-DPC | RONALD ELVIN SIMMONS and NIKKI ANNE GOMES |
| 2:23-bk-00532-BKM | NATASHA Y DALLAS |
| 2:23-bk-00569-BKM | KOLBE ALEXANDRE DUMAS |
| 4:23-bk-00570-BMW | DALLAS MERRILL |
| 2:23-bk-00612-DPC | CHARLES R ENRIQUEZ |
| 2:23-bk-00613-PS | ANNETTE SMITH |
| 4:23-bk-00616-SHG | LOURDES SOLEDAD KIM |
| 2:23-bk-00619-MCW | ALEXIS CRISTINE RIVERA |
| 2:23-bk-00621-BKM | ASHLEY M CHEATHAM |
| 2:23-bk-00625-BKM | ERIN CASSANDRA GIBBS |
| 4:23-bk-00626-SHG | DIANA DAMIANO |
| 4:23-bk-00682-BMW | THOMAS J GUTIERREZ |
| 2:23-bk-00687-EPB | TAVIA KIARA BROWN |
| 4:23-bk-00690-SHG | JANNIE LYNN BEGAY |
| 2:23-bk-00717-DPC | VERONICA MARQUISHA BRANTLEY |
| 2:23-bk-00720-DPC | SHELBY ANNA KEATING |
| 4:23-bk-00769-SHG | JULIO GUADALUPE NUNEZ |
| 2:23-bk-00794-MCW | DYLAN DONOHOO and SARINA ELIENE REYES |
| 2:23-bk-00795-BKM | KATIE ANNE THOMPSON |
| 4:23-bk-00828-SHG | JOHNNY RAMIREZ SALMON, JR. and DESIREE R SALMON |
| 2:23-bk-00840-BKM | ARTHUR PEREZ, JR. |
| 4:23-bk-00843-BMW | WILLIAM J MULLEN and NANCE A MULLEN |
| 2:23-bk-00849-EPB | JASON B DUNAWAY |
| 4:23-bk-00877-SHG | ROBERT CHARLES DOTY |
| 2:23-bk-00888-EPB | RICHARD WAYNE NELSEN |
| 2:23-bk-00925-DPC | QUINISHA MONET CLINKSCALES |
| 2:23-bk-00927-EPB | PEDRO ESPINOZA, III |
| 4:23-bk-00950-BMW | RUBEN L ROBLES and DIANA M. ROBLES |
| 2:23-bk-00974-MCW | JACQUELINE M ROWLEY |
| 2:23-bk-01031-MCW | NOAH VINCENT GUERRERO and AUTUMN MARCELLA GUERRERO |
| 2:23-bk-01072-MCW | DAMION D GASTON and ANNETTE JEAN GASTON |
| 4:23-bk-01106-BMW | GARY LEROX COX, SR |
| 4:23-bk-01107-SHG | DANIEL EDWARD WILLIS and PATRICIA ANN WILLIS |
| 2:23-bk-01129-WPB | RAQUEL BRIDGET AYALA |
| 2:23-bk-01130-BKM | JESSICA LYNN CALVIN |
| 2:23-bk-01151-PS | JANIE LYNN ANDERSON |
| 2:23-bk-01153-BKM | CAROL J PALMER |
| 2:23-bk-01159-PS | XAQARIA ANTHONY KAI GOODNOUGH and CHELSEA NICOLE GOODNOUGH |

| Case Number | Debtor Name(s) |
|---|---|
| 4:23-bk-01186-BMW | HUNTER RYAN RUDZIK |
| 4:23-bk-01197-SHG | CHARLES T ROBINSON |
| 4:23-bk-01227-SHG | TANYA LIVIA CASTRO |
| 2:23-bk-01229-EPB | AMY LYNN ESPINOZA |
| 2:23-bk-01245-PS | GUADALUPE CORIA |
| 2:23-bk-01249-DPC | DAMON J ELLISON |
| 4:23-bk-01260-SHG | RONALD THOMAS SMITH and HEATHER MARIE SMITH |
| 2:23-bk-01261-EPB | MARGARET ELLEN SCHULHOF |
| 2:23-bk-01321-MCW | ZULEMA JUDITH FLORES-RUIZ |
| 4:23-bk-01330-SHG | HECTOR HERNANDEZ SANCHEZ, SR. and ALMA LILIAN SANCHEZ |
| 4:23-bk-01334-SHG | PLETTE ALANA HALL |
| 2:23-bk-01343-BKM | DOUGLAS ALLEN WATERS |
| 2:23-bk-01358-BKM | STEVEN JOHN HOEHNER |
| 2:23-bk-01398-PS | JOSE MIGUEL CONTRERAS |
| 4:23-bk-01401-SHG | PATRICK THOMAS HANCE |
| 2:23-bk-01430-DPC | AQUANETTA L TAYLOR |
| 2:23-bk-01436-MCW | JON DUBIN |
| 2:23-bk-01439-EPB | MARC STERLING CRISWELL and DEBBIE LYNN CRISWELL |
| 2:23-bk-01453-PS | QUINCY NICOLE BAKER |
| 2:23-bk-01459-MCW | VICTORIA AGUIRRE GOMEZ ROJAS |
| 2:23-bk-01466-EPB | MONIQUE FIGUEROA |
| 2:23-bk-01496-EPB | HANNAH LEE RITCHIE |
| 2:23-bk-01507-BKM | VERONICA FIGUEROA |
| 2:23-bk-01512-EPB | REGINALD A MORRIS and CHERIE MICHELLE MORRIS |
| 4:23-bk-01532-BMW | WAYLON ISAIAH YARBROUGH |
| 2:23-bk-01553-MCW | ANTHONY JOSEPH DIMAGGIO |
| 2:23-bk-01587-EPB | MICHAEL W FISH and JESSICA ANN FISH |
| 4:23-bk-01611-BMW | SANTIAGO ROBINSON and RITAMARIE YOLANDA ROBINSON |
| 2:23-bk-01664-PS | DUJUAN GLASPY |
| 2:23-bk-01699-BKM | JOHN PATRICK HOUSE |
| 2:23-bk-01766-BKM | MARIA GUADALUPE CHAVEZ FLORES |
| 2:23-bk-01827-DPC | JASON OWEN BEASLEY and ELIZABETH ANNE BEASLEY |
| 4:23-bk-01835-SHG | VANESSA RAYELL SWANN |
| 2:23-bk-01841-BKM | MARIA A RAMIREZ |
| 4:23-bk-01850-SHG | KELLY AYLIN SANTOS |
| 4:23-bk-01853-SHG | ERIC T WHITNEY |
| 4:23-bk-01854-SHG | NATHAN J CAREY |
| 4:23-bk-01873-BMW | STEVEN W MOYERS and AMALIA TEC MOYERS |
| 4:23-bk-01882-SHG | ADILENE IDALY IBARRA |
| 2:23-bk-01889-EPB | MARISSA VALERA |
| 4:23-bk-01891-PS | ROJEANA KATHLEEN WYMBS |
| 2:23-bk-01894-EPB | CAREY JACOB-BAER SHIREY and AMBER LYNNE STEIN |
| 2:23-bk-01907-DPC | KEVIN CHRISTOPHER COR ANDERSON |
| 2:23-bk-01924-MCW | BENJAMIN CHRISTIAN HULTQUIST and BRITTANY RAE-ROSE HULTQUIST |
| 2:23-bk-01937-BKM | KATHLEEN RENE HALL-RAMER |

| Case Number | Debtor Name(s) |
| --- | --- |
| 2:23-bk-01957-DPC | RYAN BRENDON BOCCARDI and CECILIA MARIE BOCCARDI |
| 4:23-bk-01958-BMW | LUCHANA MARIA THOMPSON |
| 2:23-bk-01966-MCW | SURGERY DENISE BLUNT |
| 4:23-bk-01979-BMW | ANDREW GLEN PULLIAM and CHERIE LEE PULLIAM |
| 2:23-bk-02003-MCW | LISA S CERVANTES |
| 2:23-bk-02005-DPC | IVAN MEDINA-LOPEZ |
| 2:23-bk-02008-BKM | CHRISTINA MARIE GLASFORD |
| 4:23-bk-02014-BMW | RICARDO OSVALDO MONTEJANO ALCARAZ, III |
| 2:23-bk-02041-MCW | JOHN LLOYD MCLENNAN |
| 2:23-bk-02042-EPB | MEGAN ELIZABETH DAY |
| 4:23-bk-02046-SHG | BRIANNA COLLEEN TONE |
| 2:23-bk-02055-MCW | MARSHA LYNN KENNEDY |
| 2:23-bk-02056-PS | MICHAEL C BOGDAN |
| 4:23-bk-02058-BMW | KELLI RENEE EASTBURN |
| 4:23-bk-02079-EPB | JEFFREY DAVIS |
| 2:23-bk-02181-MCW | JAIRO SAID ORTEGA |
| 2:23-bk-02203-BKM | VICKIE S GLAUSER |
| 4:23-bk-02222-BMW | AMY L. ELLINGER VERDUGO |
| 4:23-bk-02223-BMW | SHAUN MICHAEL GALANEK |
| 2:23-bk-02291-BKM | LARRY GENE SILL and MARY BELLE SILL |
| 2:23-bk-02293-EPB | WILFRED PAGAN |
| 2:23-bk-02311-PS | PHILIP SCOTT WILLIAMS, JR. |
| 2:23-bk-02365-PS | ERIANA ALYSSA SAMORA |
| 2:23-bk-02399-MCW | LINDA ANGELIC BENK |
| 2:23-bk-02408-BKM | JAMES R CLEMENSON |
| 2:23-bk-02430-EPB | EVANGELINA VARGAS COVARRUBIAS |
| 4:23-bk-02473-SHG | REYNALDA ANN JAMES |
| 2:23-bk-02488-EPB | AGAZIT NEGASI GOITOM |
| 2:23-bk-02490-DPC | ZACHARY WAYNE ERFORT and SARAH BAILEY ERFORT |
| 2:23-bk-02492-PS | ISAIAH JOSHUA MAURICE MENA |
| 3:23-bk-02546-DPC | SHELMA YANIN OSORIO |
| 2:23-bk-02574-EPB | JOSHUA ISAIAH TERRANOVA |
| 2:23-bk-02576-DPC | DANIELLE ALEXANDRIA LANDWERSIEK |
| 2:23-bk-02591-BKM | ENRIQUE ALONSO COTA |
| 2:23-bk-02609-DPC | GERARD F CHIMENTO |
| 2:23-bk-02622-MCW | SOLEDAD URIBE CUADROS |
| 2:23-bk-02660-MCW | RUSSELL D ARY |
| 4:23-bk-02667-SHG | HAILEE LYNN BELL |
| 4:23-bk-02707-BMW | MIGUEL HECTOR CASTILLO |
| 2:23-bk-02714-MCW | JOSE ARMANDO RAMIREZ |
| 4:23-bk-02722-SHG | CARL ANTHONY MORGAN and RACHAEL C MORGAN |
| 2:23-bk-02723-DPC | CHRISTOPHER SEAN WILLIAMS and SINA M NIELSEN-WILLIAMS |
| 2:23-bk-02762-PS | AARON JODY OROSCO and KELSEY ANGELA SMITH |
| 2:23-bk-02766-MCW | THOMAS G BLUM |
| 4:23-bk-02768-BMW | VANESSA LOURDES PADILLA |

| Case Number | Debtor Name(s) |
|---|---|
| 2:23-bk-02770-BKM | TIFFANY NOEL FORNOFF |
| 2:23-bk-02773-BKM | SHARON D ROBINSON |
| 2:23-bk-02795-PS | CASSIE MARIE ARICK |
| 2:23-bk-02809-MCW | JASON DANIEL JOHNSON and NICOLE E GLOVER |
| 2:23-bk-02816-PS | MATTIE LAURA THOMAS |
| 2:23-bk-02861-DPC | SHANNON LEE MOSSNER |
| 2:23-bk-02901-DPC | ANABEL SOSA |
| 2:23-bk-02936-EPB | OTIS N WALLACE |
| 2:23-bk-02937-PS | JAMEL ELMORE and TONI T ELMORE |
| 2:23-bk-03004-BKM | SHERMAN DOUGLAS SEELYE |
| 4:23-bk-03025-SHG | SUSAN LEE BARKER |
| 2:23-bk-03028-EPB | FRANCISCO RAYMOND ESQUERRA and VICTORIA L ESQUERRA |
| 2:23-bk-03039-PS | ADRIAN JESUS JIMENEZ-RAMOS |
| 2:23-bk-03044-EPB | BRANDON DAVID KOLE |
| 4:23-bk-03046-SHG | CECIL RICARDO GEORGE |
| 2:23-bk-03099-PS | ASHLEY M HORNER |
| 2:23-bk-03116-DPC | HILARIO SAMUDIO |
| 2:23-bk-03124-EPB | JENNA IRENE DAWSON |
| 2:23-bk-03180-EPB | THOMAS EDWARD SAMS |
| 2:23-bk-03198-MCW | MARIA NICOLE LAFAUCI |
| 2:23-bk-03221-PS | KAYLA MILES |
| 4:23-bk-03235-BMW | DAVID WILLIAM MURRAY |
| 4:23-bk-03267-BMW | MATHEW A HOGGAN and JAMIE JO HOGGAN |
| 2:23-bk-03306-EPB | KENNEICE SHA RON HUMPHREY |
| 4:23-bk-03344-BMW | CHRISTOPHER RAYMOND and ERIKA RAYMOND |
| 2:23-bk-03335-MCW | JASON DUANE DICE |
| 2:23-bk-03390-PS | SARAI PEREZ |
| 2:23-bk-03396-PS | BRANDON SCOTT VELLON-MCALISTER and JAZYMINE AALIYAH DION MCALISTER |
| 3:23-bk-03426-DPC | ROBIN M HADEN |
| 4:23-bk-03480-SHG | DAVID ALEXANDER GRAY |
| 2:23-bk-03484-EPB | DENISE MONIQUE DAVIS HILL |
| 2:23-bk-03499-PS | JEVON TORRELL BROWN |
| 2:23-bk-03515-EPB | CAROL ANN PRUSA |
| 4:23-bk-03524-SHG | KRISTEN ANN SURGENOR |
| 2:23-bk-03568-PS | DANIELLE KATHERINE GARCIA |
| 4:23-bk-03586-BMW | ANISHA DENISE HARRIS |
| 2:23-bk-03618-DPC | RICARDO CRUZ, JR. |
| 2:23-bk-03637-EPB | RALPH SEBASTIAN VESCIO, III and MICHELLE LEE VESCIO |
| 4:23-bk-03646-BMW | WAYNE PAUL LINDBERG and TABITHA NICOLE LINDBERG |
| 4:23-bk-03673-BMW | ROGER DALE WORLEY JR, II |
| 2:23-bk-03710-DPC | YVETTE SABLAN LUJAN |
| 2:23-bk-03719-PS | REBECCA MARIE WESTOVER |
| 2:23-bk-03753-BKM | BRANDON RAY RIDDELL and SUSANA ROSE RIDDELL |
| 2:23-bk-03779-PS | ASHLEY MCKINNEY |
| 2:23-bk-03795-DPC | STEPHANIE A OLGUIN |

| Case Number | Debtor Name(s) |
|---|---|
| 2:23-bk-03804-BKM | DORISA FAYE MCMILLIAN |
| 2:23-bk-03830-BKM | MITCHELL LEE BLUME and ALEXANDRA CARMEN FLORES |
| 2:23-bk-03860-EPB | JEFFREY P ROYER |
| 2:23-bk-03956-PS | ELZA PEREZ VALENZUELA |
| 4:23-bk-03979-SHG | FRANCIS LORRAINE ELY |
| 4:23-bk-03995-SHG | JOSHUA DANIEL CATHEY and ELLA MACAYDEN MOORE |
| 2:23-bk-04085-MCW | DYLAN XUE QUEARY |
| 2:23-bk-04100-EPB | CARLOS A RAMIREZ and VERONICA MONIQUE RAMIREZ |
| 2:23-bk-04106-BKM | JENNIFER DAWN PARMER |
| 2:23-bk-04115-EPB | CANDI HERNANDEZ |
| 2:23-bk-04139-MCW | ANDREW DUNCAN SHAVER and JENNA PHYLICIA ANN SHAVER |
| 2:23-bk-04163-MCW | KENNETH PETERSEN, JR. and ROSE D PETERSEN |
| 2:23-bk-04167-BKM | MICHAEL DANIEL GUZMAN |
| 2:23-bk-04184-PS | SHERRI A BENENATI |
| 2:23-bk-04193-EPB | JOEL WILLIAM FOLIO |
| 2:23-bk-04196-BKM | SHERRI MAE SPRAGUE |
| 2:23-bk-04235-DPC | ROBERT R LANE, JR. |
| 2:23-bk-04237-DPC | SHAWN DEAN MILTON |
| 4:23-bk-04244-BMW | HARRY B SHAW, JR. and LORRAINE SHAW |
| 2:23-bk-04255-PS | CHYNA TANAE THIRDGILL |
| 4:23-bk-04271-BMW | JENNIFER MARIE HAUSE |
| 4:23-bk-04276-SHG | ADILENE GARCIA-ZUNIGA |
| 2:23-bk-04331-EPB | HANNAH MILLER |
| 4:23-bk-04335-BMW | MARK ALAN SHORTZ, SR. and LORI BOLESKY SHORTZ |
| 2:23-bk-04348-MCW | CHRISTINA INEZ WILLOUGHBY |
| 2:23-bk-04355-BKM | ADAM WEGNER |
| 4:23-bk-04501-BMW | ALEXIS PAIGE PENTTILA |
| 4:23-bk-04531-BMW | JULIA FABIOLA LORETO |
| 4:23-bk-04541-BMW | JOANNA KATHRYN-LYNN CERRELI |
| 2:23-bk-04632-MCW | BRANDON DOUGLAS HERRERA |
| 2:23-bk-04638-EPB | TERRELL D HALL |
| 3:23-bk-04650-DPC | GREGORY ALLEN ZEPEDA |
| 4:23-bk-04697-SHG | RICHARD JOSE QUINTERO |
| 2:23-bk-04706-DPC | SHANNON LANAE GILBERT |
| 2:23-bk-04707-BKM | BARBARA L MELCHERT |
| 2:23-bk-04819-MCW | MAX WILLIAM CHRISTIANSEN and KRISTEN ANN CHRISTIANSEN |
| 2:23-bk-04827-DPC | SEAN BRYAN CLEARY |
| 4:23-bk-04842-SHG | BRANDON RECHET GEORGE |
| 2:23-bk-04853-EPB | SHANE MICHAEL MCCLURG and MONA CAMILLE MCCLURG |
| 2:23-bk-04866-MCW | YAZMIN OCHOA |
| 2:23-bk-04869-BKM | REBECA PEREZ |
| 2:23-bk-04895-DPC | JORDAN SKYLAR ADDISON |
| 2:23-bk-04926-EPB | WILLIAM JUSTIN SEDGWICK and DANIELLE MARIE SEDGWICK |
| 4:23-bk-04955-BMW | ARMANDO D ORANTEZ |
| 4:23-bk-04982-BMW | MARY ANTOINETTE GRANILLO |

| Case Number | Debtor Name(s) |
|---|---|
| 2:23-bk-05039-DPC | JACOB DARRELL LOCKABY |
| 2:23-bk-05094-MCW | LILLI ANN GONZALEZ |
| 4:23-bk-05109-BMW | ANDREA NICOLE DAVIS |
| 2:23-bk-05115-EPB | NASTASSJA HIAWATHA MCROYAL HILLIS |
| 2:23-bk-05143-DPC | LAURIE A CAHILL |
| 2:23-bk-05184-EPB | ELIZABETH A REGNIER |
| 4:23-bk-05187-SHG | EDWARD F BROOKS and AMBER LEE BROOKS |
| 2:23-bk-05218-PS | KAREN JOY PATTERSON |
| 2:23-bk-05224-PS | PAULA J CHATFIELD |
| 2:23-bk-05266-DPC | BLAINE LORAINE GAYLE ARMSTRONG |
| 2:23-bk-05315-BKM | MARY ANNITA ZANE |
| 2:23-bk-05316-MCW | MARCUS JERMAINE TOWNSEND and KATHERINE RUTH TOWNSEND |
| 2:23-bk-05318-MCW | KIM LEANN SERNA |
| 4:23-bk-05350-BMW | ELIZABETH ANN SEMINARIO |
| 4:23-bk-05383-SHG | NACOLE MARIE MARGRAF |
| 4:23-bk-05387-SHG | MARY TERESA ESTRADA |
| 4:23-bk-05455-SHG | VINCENT P SALERNO and SHARON LEA SALERNO |
| 2:23-bk-05483-MCW | DEBORAH A GONZALES |
| 2:23-bk-05488-MCW | ERIKA VANESSA BAUTISTA |
| 4:23-bk-05493-SHG | MARCELLA MONIQUE GAMEZ |
| 2:23-bk-5514-MCW | ANALOU SOLIS |
| 2:23-bk-05517-PS | JANICE THERESE SWANNER |
| 2:23-bk-05520-EPB | JACOB LAWRENCE LAGER |
| 2:23-bk-05532-PS | COREENA RAMOS |
| 2:23-bk-05541-DPC | MATTHEW ALAN PRISKORN |
| 4:23-bk-05547-SHG | JUSTIN CHAS JACKSON and CHRISTINE SUSAN JACKSON |
| 4:23-bk-05550-SHG | HOPE M GARCIA |
| 2:23-bk-05594-PS | VICTORIA LYNN YAZZIE |
| 4:23-bk-05600-BMW | SERENA M SCHMECHEL |
| 4:23-bk-05623-BMW | KYLEIGH ALEXUS RICHARDSON |
| 2:23-bk-05640-DPC | MELISSA DAWN LYONS |
| 2:23-bk-05642-BKM | MARIA LOUISA KRUM |
| 2:23-bk-05670-BKM | CANDIANN BROWN |
| 2:23-bk-05675-DPC | DESA JENAY CHANNEL PHIPPS |
| 4:23-bk-05705-SHG | NANCY ANGELICA BARRAZA |
| 4:23-bk-05773-BMW | GERALD LEE MORTS and CAROL L MORTS |
| 2:23-bk-05786-DPC | MAURICE LEON JACKSON, JR. |
| 2:23-bk-05800-DPC | PHILLIP L HADLEY and LORI ANN HADLEY |
| 2:23-bk-05852-BKM | MONIQUE LOGAN |
| 3:23-bk-05867-DPC | ADRIENNE DRYDEN |
| 2:23-bk-05869-EPB | SARAH ANNE PLEVA |
| 4:23-bk-05877-BMW | CARLOS ABDIEL PERDOMO |
| 2:23-bk-05880-BKM | RYAN MATTHEW HILLAGE and MADELINE RACHEL BRAINARD |
| 4:23-bk-05897-SHG | JACOB DANIEL LINDSEY and MAIA T LINDSEY |
| 4:23-bk-05898-BMW | RICHARD J VELLON |

| Case Number | Debtor Name(s) |
|---|---|
| 2:23-bk-05910-BKM | APRIL MARIE BULLOCK |
| 2:23-bk-05941-DPC | DENIS CARRANZA-OLIVEROS |
| 2:23-bk-05948-MCW | ANTOINE RAMOS SANCHEZ and MARIA LUISA VARGAS |
| 2:23-bk-05960-PS | TONYA DIANNE MINGLE |
| 2:23-bk-05964-PS | MATTHEW AUSTIN GEUBTNER |
| 4:23-bk-05975-BMW | JENNY LYNN GURECKI |
| 2:23-bk-05986-DPC | LISA MARIE DAVIS |
| 2:23-bk-06004-EPB | MELISSA MARIE DALTROFF |
| 4:23-bk-06005-SHG | JAMIE MONIQUE LOTT |
| 2:23-bk-06013-PS | REBECCA KU'ULEI HOYLE |
| 4:23-bk-06021-SHG | ENRIQUE ALEJANDRO ROBLES LEYVA and LILIAN C LEYVA |
| 2:23-bk-06026-MCW | JASON RC WYSS |
| 2:23-bk-06063-DPC | TYRONE D LAWRENCE |
| 2:23-bk-06070-MCW | SHARLA ROCHELLE BOOKMAN |
| 2:23-bk-06091-MCW | TIFFANI MARIE PIZANA |
| 2:23-bk-06096-DPC | DEBRA MARIE SORGER |
| 2:23-bk-06097-BKM | CHRISTA JAYNE HUBBELL |
| 2:23-bk-06100-DPC | WENDI ELIZABETH DAVIDSON |
| 2:23-bk-06103-EPB | CHRISTOPHER JOHN EHRHART |
| 4:23-bk-06142-BMW | NICOLE LYNETTE GARCIA |
| 0:23-bk-06144-PS | STEVEN LESTER VOLZ, JR. |
| 2:23-bk-06156-MCW | DOUGLAS LINDSAY DILLER and SANDREA PAGE DILLER |
| 2:23-bk-06178-MCW | ROBERT M HAYS and HEATHER A JUGOVICH |
| 4:23-bk-06242-BMW | NECOLE C HAMPTON |
| 4:23-bk-06271-SHG | ANDRE ASHFORD and EVELYN VIVEROS GUTIERREZ |
| 4:23-bk-06272-SHG | ALAN VIDAL HUMMEL |
| 2:23-bk-06273-PS | ERIKA MARIE KORHUMMEL |
| 4:23-bk-06318-SHG | WENDY KATHLEEN COMSTOCK |
| 2:23-bk-06347-BKM | KATHERINE ANNETTE BINION |
| 2:23-bk-06362-DPC | JOSEPH RAY FEIST |
| 3:23-bk-06366-DPC | GAVINO P MARTINEZ and JESSICA ANN MARTINEZ |
| 2:23-bk-06369-DPC | ARIEL OLIVER |
| 3:23-bk-06386-DPC | ASHLEY RENEE MCKAY |
| 2:23-bk-06389-EPB | VICTORIA LEE POLTROCK |
| 2:23-bk-06393-BKM | LESLIE A BUFORD |
| 2:23-bk-06408-DPC | DAVID M RAMIREZ |
| 2:23-bk-06419-MCW | BRANDY LYNN KELLEY |
| 2:23-bk-06425-PS | RUBEN FELIX ALEJANDRO LOPEZ |
| 2:23-bk-06433-DPC | CHARNECE JUDGES |
| 4:23-bk-06436-SHG | DAVID BERNARD VALDEPENA |
| 2:23-bk-06470-EPB | IREYA DANIELLE THOMAS |
| 4:23-bk-06514-BMW | JESUS M CANEZ and DEBRA A CANEZ |
| 2:23-bk-06527-DPC | PARKER DEAN BROOKS |
| 2:23-bk-06536-DPC | DARYL M APPLEBEE and PRECIOSA R APPLEBEE |
| 4:23-bk-06568-SHG | ABBEY JEAN LOVING |

| Case Number | Debtor Name(s) |
|---|---|
| 2:23-bk-06580-BKM | MARY DELORES BURNETT |
| 2:23-bk-06632-DPC | ERIKA QUIROZ |
| 4:23-bk-06652-SHG | DEREK JOSEPH WILSON |
| 2:23-bk-06657-DPC | ERIC SCOTT FOBAR |
| 2:23-bk-06681-BKM | BRYAN DALTON |
| 4:23-bk-06702-SHG | CECILY MARIE JIMENEZ |
| 2:23-bk-06703-DPC | MARK ANTHONY CERVANTEZ |
| 2:23-bk-06706-EPB | DOUGLAS BARTHOLOMEW TROTTI and HEATHER RAE TROTTI |
| 0:23-bk-06737-PS | JOIE ELIZABETH MARIE WILLIAMS |
| 3:23-bk-06742-DPC | TINA MARIE CARZOLI |
| 4:23-bk-06757-BMW | MELINDA MARIE JOHNSON |
| 4:23-bk-06780-SHG | KATHERINE ELIZABETH GARCIA |
| 2:23-bk-06794-MCW | CHERON BARBARA PIPER |
| 2:23-bk-06796-DPC | CZARINA CEZARINE FAJARDO |
| 2:23-bk-06799-DPC | HALEY MARIE JOINER |
| 2:23-bk-06871-BKM | JOHN M OZENICH |
| 4:23-bk-06875-SHG | ANTOINETTE MICHELLE PERO |
| 2:23-bk-06877-EPB | JENNA ROSE PLOPPER |
| 2:23-bk-06886-BKM | ELIZABETH CUEVAS |
| 2:23-bk-06891-PS | DEMETREUS TRAVON FIELDS |
| 2:23-bk-06908-MCW | REBECCA LYNN RUEDA |
| 2:23-bk-06909-DPC | WACEY ROYCE BITSON |
| 2:23-bk-06911-BKM | JENNIFER WISNESS |
| 2:23-bk-06939-BKM | VICTORIA DELGADO |
| 2:23-bk-06941-DPC | SHAMETRICE PENNINGTON |
| 2:23-bk-06943-DPC | JANET LEE GOLLHARDT |
| 2:23-bk-06944-DPC | JOHNRYAN G ANDERSON and BRITNY TAVILLA |
| 2:23-bk-06947-BKM | DANIEL ANTHONY MUNOZ MAIORANA |
| 2:23-bk-06950-BKM | EDWARD COLE and TRINDA PRECIOUS STONE |
| 2:23-bk-06951-DPC | STEPHEN COLE LEE BEAL |
| 4:23-bk-06952-SHG | ANNABELLE MARTINEZ TRUJILLO |
| 4:23-bk-06953-SHG | MELISSA MARIE FIERROS |
| 2:23-bk-06960-BKM | DAVID CARL MARXMAN |
| 2:23-bk-07124-PS | BRANDON LEE SKODINSKI |
| 2:23-bk-07126-PS | STEPHANIE ANNE PARK |
| 4:23-bk-07136-SHG | ROBERT P KREBS and JENNIFER KAYE KREBS |
| 2:23-bk-07142-DPC | SHQUETTEA LASHA LOFLAND |
| 2:23-bk-07144-BKM | TIMOTHY SCOTT CARROLL and CARRIE SUE CARROLL |
| 2:23-bk-07153-DPC | DANIEL SANTOS and REBEKAH MARIE GARIBAY |
| 4:23-bk-07154-SHG | JESUS DAVID ARAIZA |
| 2:23-bk-07161-EPB | ANISSA L HAZARD |
| 2:23-bk-07162-DPC | TATE JEREMIAH ROAN |
| 2:23-bk-07188-BKM | ANDREW JEREMY MORENO |
| 4:23-bk-07193-SHG | ROBERT ANTHONY GOMEZ |
| 2:23-bk-07228-DPC | CALEN CARRINGTON SPENCER |

| Case Number | Debtor Name(s) |
|---|---|
| 2:23-bk-07333-EPB | PERIS RENE STEWART |
| 2:23-bk-07335-BKM | BRIAN SCOTT MERRITT and DIANEMARIE DELOS REYES KINLICHEE |
| 2:23-bk-07365-PS | TONY L ARRINGTON, SR. and ERICA DIANE DAVIS |
| 4:23-bk-07398-BMW | LISA JANETTE PRICE |
| 2:23-bk-07463-DPC | VALERIE LEE CORRELL |
| 2:23-bk-07534-MCW | MARK EDMUND ZEMRUS and STACY L GNEWUCH |
| 4:23-bk-07563-SHG | BETTY ANN GARCIA |
| 2:23-bk-07590-PS | DYLAN REX HART and SHELBY RAE EAGLE |
| 2:23-bk-07723-DPC | TARA ANN BROWN |
| 2:23-bk-07774-BKM | RUBY PALACIOS |
| 2:23-bk-07783-DPC | DANIELLE DOMONIQUE JACKSON |
| 2:23-bk-07890-DPC | AMANDA JACQUELINE CHAIRA |
| 4:23-bk-07893-BMW | KAYLA IRENE BIERSTEDT |
| 2:23-bk-07899-BKM | MARIALUCIA BESA MAMAWAL |
| 2:23-bk-07905-MCW | JOSE GUADALUPE CORREA and JUANA LIZETTE CORREA |
| 2:23-bk-07928-DPC | MYRON WARREN DEYOUNG and HEIDI YVONNE DEYOUNG |
| 2:23-bk-07948-BKM | CRAIG MICHAEL JANISCH |
| 2:23-bk-07998-DPC | MARRTELL STONE WASHINGTON |
| 4:23-bk-08034-SHG | APRIL ANN BARKLEY |
| 4:23-bk-08042-SHG | DIANA K DURAKO |
| 2:23-bk-08053-EPB | MIKAEL WESLEY CLONTZ and HEATHER MARIA CLONTZ |
| 2:23-bk-08056-BKM | KAITLEN MARIE ROCHA and JAZMINE ROCHA |
| 4:23-bk-08079-BMW | DYJON DANTE PRIMMER |
| 2:23-bk-08084-EPB | SHANIKA RENEE WALLACE |
| 2:23-bk-08091-BKM | ANABELLE C GONZALEZ |
| 2:23-bk-08134-EPB | APRIL LEILANI SUZUKI |
| 2:23-bk-08161-PS | LILA ST MARTIN |
| 4:23-bk-08170-SHG | LINO DAVID LOPEZ, JR. and ZOE ANAID LOPEZ |
| 2:23-bk-08176-MCW | JOHNNY ROBIN PRESCOTT and ASHTON KIMBERLE PRESCOTT |
| 2:23-bk-08190-MCW | COURTNEY C SHUFFLER |
| 2:23-bk-08265-EPB | CRUZ SALAZAR SOTO |
| 4:23-bk-08266-BMW | SHEENA MONIQUE JONES |
| 2:23-bk-08315-PS | RICHARD S GIMBEL and KATHERINE M GIMBEL |
| 2:23-bk-08329-BKM | SARAH LYNN GOMEZ |
| 2:23-bk-08357-EPB | RAMON GALARZA MORALES |
| 4:23-bk-08362-BMW | RENEE E BOULER |
| 2:23-bk-08379-DPC | JESUS FRANISCO VALDEZ and SARAH RUTH-ELAINE VALDEZ |
| 4:23-bk-08407-BMW | ESTEBAN DANIEL NAVA |
| 4:23-bk-08416-BMW | AUTUMN MICHELLE NEVAREZ |
| 2:23-bk-08420-EPB | ALICIA LEA BEATY |
| 2:23-bk-08441-EPB | BRANDI JO CROWE |
| 2:23-bk-08451-BKM | BRENDA M LACHNEY |
| 2:23-bk-08473-BKM | FIDELINA ROSALES |
| 4:23-bk-08492-BMW | PRESTON JOE SCHAEFER |
| 4:23-bk-08502-BMW | TERESA ANN BILKE |

| Case Number | Debtor Name(s) |
|---|---|
| 2:23-bk-08528-DPC | SPENCER ALAN MCINTYRE |
| 4:23-bk-08545-BMW | MAHER H SHUHAIBER and KIFAYA ZAKARIA SHUHAIBER |
| 4:23-bk-08546-BMW | RICKY ROMO BADILLA |
| 2:23-bk-08565-EPB | DONALD MUYAH TAYE |
| 2:23-bk-08583-EPB | JOSHUA TRUSH-HEREDIA and AIRENE LEGAL HEREDIA |
| 2:23-bk-08607-EPB | ARNELLE DAVIS |
| 2:23-bk-08610-EPB | SHAQUALLE ANYE TINNIN |
| 2:23-bk-08613-EPB | ADRINA ADELINA BARRIENTE |
| 2:23-bk-08619-MCW | DIANNA LYNN LEDERER |
| 2:23-bk-08621-MCW | TIMOTHY AUSTIN MOSEGARD |
| 2:23-bk-08707-MCW | JULIAN RICHARD TOSCANA |
| 4:23-bk-08724-SHG | DELORES D MEJIA |
| 4:23-bk-08726-SHG | TYLER HOWARD ROBINSON |
| 2:23-bk-08731-DPC | ROBERT SOLIS and MARIA CATHERINA SOLIS |
| 2:23-bk-08797-DPC | BAILEE BRIANNE ALLISON |
| 2:23-bk-08810-BKM | PATRICIA A OLIVER |
| 4:23-bk-08838-BMW | LYNISSA LASHAER COARD |
| 2:23-bk-08853-DPC | SCOTT M ANAU |
| 4:23-bk-08945-BMW | DYLAN SCOTT RUBY |
| 2:23-bk-08947-MCW | ZAK ULYSSES WILLES and KIMBERLY SARA WILLES |
| 2:23-bk-08965-PS | EDWARD CARR |
| 2:23-bk-08967-BKM | CHARLES DANIEL POLEO and TERESA IRENE POLEO |
| 2:23-bk-08973-DPC | ANTHONY DOW HINCHCLIFF and NANCY J HINCHCLIFF |
| 2:23-bk-08980-MCW | ROCHELLE TOLMAN BROWN |
| 2:23-bk-08986-BKM | APRIL SALENE KAUTZ |
| 2:23-bk-09053-MCW | TREVON LEON FRANKLIN |
| 4:23-bk-09077-SHG | ZULMA GRISCELDA PYLE |
| 4:23-bk-09084-SHG | REBECCA ALONDRA CASILLAS ALMADA |
| 2:23-bk-09111-PS | MICHAEL ALEXANDER NUNEZ |
| 2:23-bk-09118-EPB | FRANK ANTERI |
| 2:23-bk-09132-PS | ASHLI JASMIN FRANKLIN |
| 2:23-bk-09166-EPB | ADILENE ROBLES |
| 4:23-bk-09174-SHG | JAMEY BOLIVAR |
| 2:23-bk-09184-MCW | JAMES E MURRAY |
| 2:23-bk-09216-BKM | JAZLYN PARIS CHAN |
| 4:23-bk-09306-SHG | RAUL M. EVANS and LILLIAN EVANS |
| 2:23-bk-09312-EPB | RALPH B NETTLE and EUGENIA DARLENE NETTLE |
| 4:23-bk-09321-SHG | JEFFREY FRANK ALBANO and TAMMY LEE ALBANO |
| 4:23-bk-09324-SHG | CRAIG CUNNINGHAM |
| 2:23-bk-09345-BKM | DARCY LYNN BREAULT |
| 2:23-bk-09348-BKM | LAUREN DANIELLE WOODSON |
| 2:23-bk-09352-PS | SHEILA MARIE TODD |
| 2:23-bk-09353-BKM | LAURI TERESE WORLES-SCOTT |
| 2:23-bk-09354-DPC | GINA NICOLE GALINDO |
| 2:24-bk-00043-DPC | MEEKA NICHOLE POWELL |

| Case Number | Debtor Name(s) |
|---|---|
| 2:24-bk-00066-BKM | MICHELLE ELIZABETH BONEBRAKE |
| 2:24-bk-00077-BKM | BENITO VIDAL TAFOYA |
| 2:24-bk-00081-DPC | CALEB JARRETT FULKS |
| 4:24-bk-00088-BMW | JIM BOB DODSON and JAN CAMELA DODSON |
| 4:24-bk-00134-BMW | SALINA E GRAJEDA |
| 2:24-bk-00156-EPB | DIANA LUCERO LOPEZ GARCIA |
| 4:24-bk-00195-SHG | SHARON ANN PARMENTIER |
| 2:24-bk-00196-MCW | DEVIN MICHAEL GRAY and MARY ROSE GRAY |
| 2:24-bk-00197-BKM | NATHAN HARRY FLOYD |
| 2:24-bk-00198-DPC | ROBERT DENAPOLI |
| 4:24-bk-00232-BMW | JOSHUA KRAEMER |
| 4:24-bk-00240-SHG | MARIO ALEJANDRO RODRIGUEZ and CHERIECE R RODRIGUEZ |
| 2:24-bk-00242-DPC | SPENCER TROY GERMAN |
| 4:24-bk-00243-BMW | THOMAS MATTHEW MITCHELL and DORINDA MITCHELL |
| 2:24-bk-00300-EPB | ALEX GEORGE GRACE |
| 2:24-bk-00322-EPB | AMBER ROSE RUMANUK |
| 2:24-bk-00342-DPC | ROBERT WILIAM GREENFIELD and SHERRIE DEE GREENFIELD |
| 2:24-bk-00349-PS | AMBER MARIE ZYGNER |
| 2:24-bk-00366-EPB | RANDY D HANES |
| 2:24-bk-00393-MCW | MELISSA L CARRANZA |
| 2:24-bk-00399-BKM | MICHELE LEE BOCCHINFUSO |
| 4:24-bk-00410-BMW | KATHRYN MARGARET MCGINNIS |
| 4:24-bk-00444-BMW | ERIC STEPHEN SAKONYI and MICHELLE KRISTINE SAKONYI |
| 2:24-bk-00532-EPB | TAMIKA MICHELLE JONES |
| 4:24-bk-00533-BMW | KHRISTINA EVELYN FRANCO-MYERS |
| 2:24-bk-00622-PS | ROBERTA WILSON |
| 4:24-bk-00624-BMW | KAREN LYNN ESPINOZA |
| 2:24-bk-00627-MCW | DONNIE LEE CHAMBERS and GWENDOLYN MARIE CHAMBERS |
| 2:24-bk-00629-DPC | LAUREN GLENN WIMBERLY |
| 2:24-bk-00637-MCW | DAVID EUGENE HAUSMAN and JULIE HAUSMAN |
| 2:24-bk-00646-EPB | ERICA R MCQUOWN |
| 2:24-bk-00664-BKM | NADIA ELNORE HENRY |
| 4:24-bk-00665-SHG | AMITY JEANNETTE THOMAN |
| 2:24-bk-00679-PS | PATRICK ALLEN EDWARDS and NANCY ROXANNE GIRGENTI |
| 4:24-bk-00683-BMW | CHASE EVAN SMITH |
| 2:24-bk-00708-MCW | DEMITRA LAKEESHA CROSSLIN |
| 2:24-bk-00726-BKM | ALEXIS JEANELLE COULTER |
| 2:24-bk-00771-EPB | BETHANY GRISMORE |
| 2:24-bk-00815-PS | IRAHILDA MARIE ACOSTA-MORALES |
| 2:24-bk-00824-PS | SUSAN C VENEZIANO |
| 2:24-bk-00888-MCW | LISA K GRAVES |
| 2:24-bk-00895-MCW | BETH A. HARVILL |
| 2:24-bk-00896-MCW | RAINER M MEHLAU |
| 2:24-bk-00920-PS | ELIZABETH AVILA |
| 2:24-bk-00924-EPB | THERESA JOYCE PHILLIPS |

| Case Number | Debtor Name(s) |
|---|---|
| 4:24-bk-00947-SHG | ALEJANDRO PINEDA |
| 4:24-bk-00978-BMW | SALOMON J GRANILLO |
| 2:24-bk-00984-PS | AUSTIN EDWIN WOODS |
| 2:24-bk-00989-BKM | MARY ANGEL LEON |
| 2:24-bk-01010-EPB | PATTSY LYNN BLACKMAN |
| 2:24-bk-01024-SHG | ASHLEY NICOLE BERRIER |
| 4:24-bk-01030-SHG | JOSE GENARO CAMARGO |
| 4:24-bk-01047-SHG | IMELDA M. ULLOA |
| 2:24-bk-01054-DPC | ROBIN L. RILEY |
| 2:24-bk-01076-EPB | DONALD DEAN SEIDEL |
| 2:24-bk-01079-BKM | VERONICA ROMERO |
| 2:24-bk-01102-BKM | RICHARD FRED DIAZ and NANCY SUE DIAZ |
| 2:24-bk-01129-PS | DANIEL JESUS MORALES |
| 2:24-bk-01130-PS | TERRENCE L POTTS |
| 2:24-bk-01132-BKM | DAVIDA LACHON SHAW |
| 2:24-bk-01135-BKM | MARIA ALEJANDRA LISSY |
| 2:24-bk-01137-PS | JUAN J MARTINEZ RODRIGUEZ |
| 2:24-bk-01151-MCW | ROSEANN MARIE RAYNOR |
| 4:24-bk-01155-SHG | PEGGY ANN MADRID |
| 2:24-bk-01169-PS | SYREE SHANNETTE MCKELVEY |
| 2:24-bk-01218-BKM | RICKY MAYA, SR. |
| 2:24-bk-01283-BKM | MATTHEW BRIAN KRUMWIEDE |
| 2:24-bk-01292-EPB | KEVIN R BAKER |
| 4:24-bk-01309-BMW | JALEN TRAVON THOMPSON |
| 2:24-bk-01316-DPC | MICHELLE M SWAIT |
| 2:24-bk-01319-EPB | PEGGY MAE HAVENS |
| 2:24-bk-01325-PS | ROBERT LEE WAGGONER |
| 2:24-bk-01334-EPB | BRAD RANDALL NEAL |
| 4:24-bk-01448-SHG | TEKOA MOANA BARAJAS |
| 2:24-bk-01450-EPB | LAURIE ANN COOPER |
| 2:24-bk-01469-BKM | STEPHANIE E WOLFE and KACHINA K WOLFE |
| 2:24-bk-01504-DPC | JOSHUA SOTELO |
| 2:24-bk-01507-MCW | AUSTIN PARKER FIGUEROA |
| 2:24-bk-01515-BKM | AMBER LEIGH CRIST |
| 4:24-bk-01517-BMW | JOSEPH N FELS |
| 2:24-bk-01538-PS | RYAN MICHAEL JENKINS |
| 4:24-bk-01658-BMW | ROBERT ANTHONY REILLY |
| 2:24-bk-01689-DPC | CAMERON DICARLOS WHITE |
| 2:24-bk-01754-MCW | GINA ROSE MARIE SHIRLEY |
| 2:24-bk-01761-BKM | JB MARIO CHURCHWELL |
| 2:24-bk-01764-MCW | JARED CHRISTOPHER BUHR and AMANDA RAYMEE BUHR |
| 2:24-bk-01873-PS | RONALD MILTON JONES |
| 2:24-bk-01876-PS | ALANDRES EUGENE THOMPSON, JR. and TARA MICHELLE THOMPSON |
| 2:24-bk-01880-EPB | KRISTEN KIM EHLERT |
| 2:24-bk-01933-PS | ROBERT ANTHONY JOLICOEUR and TIFFANY ANN JOLICOEUR |

| Case Number | Debtor Name(s) |
|---|---|
| 2:24-bk-01959-BKM | VICTOR HUGO RUIZ and WENDY JUDITH RUIZ |
| 2:24-bk-02028-DPC | ALEXYS TALAMANTES |
| 2:24-bk-02034-DPC | TOVA HEGSTAD |
| 3:24-bk-02042-DPC | DOUGLAS STEPHAN BYRON |
| 4:24-bk-02046-BMW | MELANIE AMANN |
| 2:24-bk-02093-DPC | MONTIQUE SHEVRAE COLLINS |
| 2:24-bk-02135-DPC | TAMI LYNN PESHEK |
| 2:24-bk-02138-PS | CARRIE LYNN COLE |
| 2:24-bk-02175-MCW | DANIEL ARTURO MORALES and ESTHER GOMEZ MORALES |
| 4:24-bk-02200-SHG | OK KYONG LACKEY |
| 4:24-bk-02241-BMW | CHRISTINA J PICKEN |
| 4:24-bk-02246-BMW | PATRICK ALLEN CARENDER |
| 2:24-bk-02290-EPB | LAUREN ELIZABETH FINCHER |
| 2:24-bk-02343-PS | MICHAEL D RICHARDSON |
| 2:24-bk-02345-PS | EUNETTE ANNETTA ROBINSON |
| 4:24-bk-02393-BMW | TONI LEE KLEINER and CHERYL ANN KLEINER |
| 4:24-bk-02394-BMW | SHAUN MICHAEL THOMPSON and JESSICA KAYE THOMPSON |
| 4:24-bk-02446-BMW | JAY K WRIGHT and VERONICA ARACELY DE LA ROSA |
| 2:24-bk-02472-EPB | JOHN ADRIAN RANDEZ and NATALIE MICHELE RANDEZ |
| 2:24-bk-02526-DPC | MARIA DE JESUS QUEZADA |
| 2:24-bk-02572-EPB | BEVERLY ANN HAWLEY |
| 2:24-bk-02588-DPC | TAMAR DIANA FOLSON |
| 2:24-bk-02664-BKM | AMBER LYNN CANEZ |
| 2:24-bk-02699-BKM | EDDRICK LEKEITH MORELAND and CARMEN NOHEMY MORELAND |
| 4:24-bk-02784-SHG | VANESSA A VALDEZ |
| 2:24-bk-02785-DPC | DEREK JOHN BOURASSA and DELILAH MARCELA BOURASSA |
| 2:24-bk-02786-PS | ROBERTO EDWARDO SEDILLO |
| 2:24-bk-02806-EPB | FERNANDO ANGEL DELGADO, II |
| 2:24-bk-02831-BKM | KEITH BRIAN THEIREL |
| 2:24-bk-02836-PS | CHARLES RAY WEBSTER |
| 2:24-bk-02868-PS | ANGELIQUE RENE CUSKE |
| 2:24-bk-02924-DPC | BRUCE ALLEN DAMRON |
| 2:24-bk-03511-EPB | LEONARDO BANDA MEJIA |